L. G. HEYWOOD, PLAINTIFF AND RESPONDENT *v.*
BOARD OF COUNTY COMMISSIONERS OF
WEBER COUNTY, UTAH, AND NEWTON
FARR, CLERK, DEFENDANTS AND APPELLANTS.

*Sec. 2655, R. S. 1898—Power of County Commissioners—Minimum
Bid at Tax Sale.*

> Under Sec. 2655, R. S. 1898, the board of county commissioners
> have the right to fix the minimum sum, to be received for
> property sold at tax sale, at an amount equal to the amount
> of taxes, interest, and costs, due at date of sale.

( Decided November 3, 1898. )

*Joseph S. Peery, Esq.* and *Arthur E. Pratt, Esq.,*
for appellant.

1. Is the board of county commissioners authorized to
fix a minimum sum below which no bid will be received?
Or does the statute itself fix such sum'?

The object of taxation is to raise sufficient revenue and
only sufficient to provide means for the proper administra-
tion of governmental duties and this object is borne in
mind in the construction of the revenue laws.

It is held that a provision of law requiring a sale of real
estate for the payment of delinquent taxes to the highest
responsible bidder for cash, does not authorize a sale to one
who bids a less amount than the taxes and costs, even
though he be the highest bidder; but that the object being
to raise the revenue which is assessed and levied against
the property of the taxpayers, the highest bidder is one
who will pay the taxes and costs for the least quantity of
the land upon which the taxes are imposed. And such is
a fair construction of Sec. 2621, which provides for such

sale, when read in connection with Sec. 2623. *Lovejoy* v. *Lunt*, 48 Me. 378, 9 Am. & Eng. Ency. of Law 362, note 1.

We call attention to the last part of Sec. 2655, which permits the original owner or any person interested to redeem even after the period of redemption has expired, any time before the property has been disposed of, but in no case for a less sum than the taxes, interest and costs.

We construe this provision as intending to give to persons having an interest in the property, as the owner, grantee, mortgagee, or judgment lien holder, a preference right of purchase for a sum not less than the taxes, interest and costs at any time before the sale begins, and during the progress of the sale, and until the property is actually disposed of to others. Here is an absolute prohibition against the sale of the property to a class of individuals having an interest in the property, for a less sum than the taxes, interest and costs. So that no bid for less than that amount could be received from any of such persons, for this in effect would be to permit them to redeem for a less sum, which is prohibited.

It is unreasonable to say that the owner having neglected to pay his taxes is shut out from bidding upon an equal footing with other bidders as an additional penalty and that while others may bid a less sum he cannot.

Again referring to Sec. 2655, the requirement is that the board of commissioners shall *offer for sale*. There is no requirement that they shall sell to the highest bidder for cash, without regard to the adequacy of the price offered; as to the terms of sale the statute is silent. It would therefore seem that to protect the interests of the county and other taxing districts interested, the board has the power to impose reasonable terms, even as to the minimum price that will be considered, if the statute itself

does not fix such minimum price. This would be so in the case of a private individual who puts his property upon the market. *Farr* v. *John*, 23 Iowa 286; *Miller* v. *Baynard*, 83 Am. Dec. 168; *Towle* v. *Leavitt*, 55 Am. Dec. 195.

Certainly the law does not require the sacrifice of the county's property; if not, then the board of commissioners shall have and does have means to prevent it. *State* v. *Moore*, 72 Mo. 285, and cases cited.

2. The county is a body corporate and can sue and be sued, and in all actions touching its corporate rights, property and duties it should be designated by its corporate name. R. S. Secs. 488-491.

The county was not made a party, hence a valid judgment divesting it of the title to the lots in question cannot be entered against it. Therefore we hold that *mandamus* does not lie against its agents, the board of commissioners and the county clerk, until plaintiff's right to the deed has been determined as against the county in a suit to which the county is a party. *Mandamus* does not lie to enforce the specific performance of a contract. 14 Am. & Eng. Ency. of Law, 104; *People* v. *Dunlaney*, 96 Ill. 504; *State* v. *Zanesville, etc. Tea Co.*, 16 Ohio State 308; *State* v. *Howard Co. Court*, 39 Mo. 375.

*Messrs. Heywood & Tait*, for respondent.

It is a significant fact that the legislature by express language has prohibited the treasurer from accepting any bid upon a sale of real estate for delinquent taxes, for an amount less than the total sum due upon the property for taxes and costs, and has provided that if no bid equal the amount so due be received, the property shall be declared sold to the county (R. S. 2623); that a redemption from

a tax sale can only be made by the payment of the amount
of taxes and costs for which the property was sold, to-
gether with such costs as have accrued since (R. S. 2627),
and that as a further aid to the county in collection of
taxes Sec. 2626 has been incorporated in the revenue laws
providing for the sale by the county of property bought
by it at tax sale.   So that by the letter of the statute the
property shall not be sold for delinquency; shall not be
sold at private sale during the period for redemption, and
shall not be redeemed for a sum less than the amount
of taxes and costs; but no such restriction is placed upon
the board of county commissioners by Sec. 2655 in making
sales of property that has gone to deed to the county.

This sale is not that of a tax lien; it is not subject to
redemption, it is the sale of an absolute title, and the pro-
ceeds arising therefrom go to the various taxing districts
interested without rebate to the owner.

Appellant's counsel make the further contention that if
a bid of less than the costs and taxes be accepted upon a
sale under Sec. 2655, the requirements of Sec. 2654
could not be complied with, for the reason that 2655 pro-
vides, ''Money arising from such sale must be paid into
the county treasury, and the treasurer must settle for the
same as in case of money received for redemption as pro-
vided in the next preceding section.''

The fair and reasonable construction to place upon this
provision and one that would give it full effect is, we
submit that Sec. 2654 simply determines what proportion
of the amount actually received from the sale, each taxing
district would be entitled to receive.

Why do counsel fix upon the total amount due for
taxes, interest and costs as the minimum bid the statute
permits to be accepted ? If the Board of County Com-
missioners may fix the amount just specified as the mini-

mum, why may they not fix it higher? Why may they not fix it so high as to defeat every intent of the statute by placing it above the value of the property?

MINER J. :

The county of Weber having received tax deeds for certain real estate sold to it for delinquent taxes, among which were lots 16 and 17, block 1, Herriman's addition to Ogden City, the board of county commissioners, in pursuance of Sec. 2655, Rev. Stats. 1898, gave notice that on the 31st day of May, 1898, they would offer said real estate for sale at the front door of the court house, but that no bid would be accepted therefor for less than all the taxes for which said land was sold and costs of sale. At the time and place named in the notice of sale, said lots, upon which there was due $13.83 for taxes and costs were offered for sale, and at such sale plaintiff bid and tendered the board the sum of $10.00 for said lots, that being the only bid, but the bid as well as the conveyance of the lots was refused by the board. Plaintiff thereupon brought this action to compel, by writ of *mandamus*, the execution of said conveyance of said lots to plaintiff. Judgment was rendered in favor of plaintiff, and the defendant appeals from the judgment.

The question presented is whether upon the sale of real estate under Sec. 2655, R. S. 1898, the board of county commissioners is compelled to accept the highest responsible bid for the land offered for sale, or may it reject any bid for less than the amount due for taxes, interest, and costs of sale, or does the statute fix the sum of such bid?

The appellants contend that the board has the right to fix the minimum sum below which no bid will be accepted; while the respondent contends that the highest responsible

bid for the land must be accepted, whether it equal the taxes and costs or not.

Under Sec. 2621, R. S., it is made the duty of the treasurer to expose for sale sufficient of the property of the delinquent real estate to pay the taxes and costs to the highest responsible bidder for cash, and shall continue to sell from day to day the property of the delinquent until it is exhausted, or until the taxes and costs are paid.

Sec. 2623 requires the treasurer upon the sale of real estate for taxes to deliver to the purchaser a certificate of sale designating the property sold on which the taxes and costs are paid. If no bids are made upon the property offered for sale sufficient to pay the taxes and costs, it is made the duty of the treasurer to make a certificate of sale to the county, and such sale to the county has the same effect as if made to an individual, and the county auditor must credit the treasurer with the amount of the taxes and costs. The party thereafter redeeming is required to pay the taxes and costs accruing subsequent to the sale.

Under Sec. 2627, property sold for taxes may be redeemed within four years after the date of the sale by payment of the amount bid by the purchaser, with interest and costs.

Sec. 2654 provides that, whenever property sold by the county is redeemed, or the certificate of sale is assigned, the moneys received must be distributed as follows: The original tax and forty per cent of interest and costs received must be appropriated to the state, county, town and school district and other taxing district interested in proportion to their respective taxes, and the balance must be paid to the county.

Under Sec. 2655, it is provided that whenever the county has received a tax deed for real estate sold for de-

linquent taxes, the board of county commissioners is required each year to offer for sale such property not theretofore sold or redeemed, and the county clerk must execute a deed to the purchaser vesting in him all the title of the state, county, and of each city, town, school or other taxing district interested therein. The board of county commissioners may at any time after the period of redemption has expired and before the property has been disposed of permit the original owner or any person interested to redeem from any sale where the property has been sold to the county, but in no case for a sum less than the taxes, interest and costs.

As generally understood taxation is an enforced proportional burden or charge imposed by the State upon persons and property to raise money for all useful and necessary public purposes. The person on whom the burden is imposed, or whose property is taken, owes the State a duty to do or contribute his just proportion towards the support of the government, and in return is protected and secured in the enjoyment of the benefits of organized society. If the citizen fails to perform his duty and pay his proportionate share of the public burden the State enforces payment by sale of his property to satisfy the obligation. In enforcing this obligation the property of the delinquent, or so much of it as is necessary, is authorized to be sold to the highest bidder for cash. The object of the sale is to realize the amount of the taxes assessed and costs of the sale in order to raise revenue to meet the expenses of government. The highest bidder in such a case, under Secs. 2621 and 2623, is one who will pay the taxes and costs for the least quantity of the land upon which the taxes are imposed. By Sec. 2623 if no person shall bid the amount of the taxes and costs, the treasurer shall make to the county a certificate of sale

similar to that given to other purchasers, and such sale has the same effect as if made to an individual. The county has the same right to be paid the taxes, interest and costs as individual persons have. Redemption from sale to individual persons can only be made by payment of taxes, interest, and costs of sale.

Whenever the property is bid in for the county the county holds it for the taxes, costs and charges against it. Whenever property is redeemed or the certificate of sale is assigned, the original tax and forty per cent. of interest and costs received must be appropriated to the state, county, city, and other taxing district interested, in proportion to their respective taxes, and the balance goes to the county.,

It is apparent that Sec. 2654 cannot be complied with with reference to the distribution of moneys received from the sale of property under Sec. 2655, unless the original taxes, interest, and costs are received by the county under Sec. 2655. When the latter clause of Sec. 2655, providing that in no case shall the original owner, or any other person interested redeem for less than the taxes, interest and costs, is considered with reference to Sec. 2654, the conclusion follows that the statute fixes the minimum sum below which no bid is compelled to be received by the commissioners as the amount of the taxes, interest and costs. It would be hardly reasonable to construe the last part of Sec. 2655 as meaning that because the owner had neglected to pay his taxes that he should be shut out from bidding at a sale, and placed upon an unequal footing with other bidders, and while other persons might bid a less sum than the taxes, costs and interest, the owner could not. The legislature would hardly intend to punish an unfortunate tax delinquent who was unable to pay his taxes and place his interests and rights subordinate to

those of a mere stranger. The same conclusion follows from Secs. 2621 and 2623, because it is evident that the amount certified by the county auditor to the state auditor. and by him to the state treasurer, is the amount which is ultimately required to be paid out of the sales made in pursuance of Sec. 2655, together with the state's proportion of interest and costs.

We conclude that the commissioners were not compelled to sell the property under Sec. 2655, unless the amount of the taxes, interest, and costs were offered.

The statute does not contemplate that the commissioners shall sacrifice the interests of the county and other tax districts interested, and sell to the highest bidder, without reference to the full amount of the taxes, interest and costs being paid.. With this view the board of county commissioners had the right to impose the reasonable terms contemplated by the statute and fix the minimum price that would be received as a bid, and provide that no bid should be received for less than all taxes, interest and costs imposed upon the property offered for sale. This construction gives full effect to Sec. 2623, which provides that the certificate of sale to the county shall have the same effect as if made to an individual.

Under Sec. 2655, the owner, or any person interested in the property is given the right at any time after the period of redemption has expired, and before the property is disposed of, to redeem from any such sale where the property has been sold to the county, but in no case for less than the taxes, interest and costs.

This conclusion is reasonable, upholds the law, gives effect to all its provisions, prevents the sacrifice of the interests of the county and tax payers, tends to prevent a means of avoiding the payment of taxes, and carries out

the object of the law to collect a revenue to carry on the government.

We are of the opinion that the court erred in granting the peremptory writ of mandamus and in rendering judgment against the appellants.

The case is remanded with instruction to the lower court to reverse and set aside the judgment, findings and order granting the peremptory writ of mandamus against appellants, and to enter an order denying the relief prayed for in the complaint, and enter judgment and findings in favor of the defendants, in accordance herewith.

Defendants are entitled to costs of both courts.

ZANE, C. J., and BARTCH, J., concur.