RICHARDS v. STATE TAX COMMISSION et al.

No. 5328. Decided June 18, 1937. (69 P. [2d] 515.)

*William A. Hilton* and *Ned Warnock,* both of Salt Lake City, for appellants.

*Harley W. Gustin,* of Salt Lake City, for respondent.

MOFFAT, Justice.

This appeal is upon the judgment roll and involves a question of law arising out of the statutes relating to taxation as they existed on the 8th day of August, 1931, the date when plaintiff bought the property from Salt Lake county, Utah.

After the purchase of the property described, plaintiff brought an action in the usual form to quiet the title thereto. All parties defendant either disclaimed or defaulted except the State Tax Commission, and the individual members thereof. An answer was filed on their behalf. To the answer the plaintiff demurred. The demurrer was sustained. The appealing defendants elected to stand upon their an-

swer. The answer, which was really in the nature of a counterclaim or cross-complaint, was dismissed. The court then, upon the evidence, made findings and quieted the title in plaintiff.

Appellant assigns three errors, but the assignments raise but one legal question and that is whether or not the trial court erred in sustaining the demurrer to the answer. This question is premised upon the proposition as to whether or not, after the period of redemption has expired and after the holding of the May sale, the county is vested with title to the property, and has the right to sell at private or public sale to a third party, not a redemptioner, without exacting the full amount of all accrued taxes, penalties, costs of sale, and interest, and without the consent or approval of the State Tax Commission under the statutes then existing. The question must be answered in the affirmative.

Appellant has confused a redemption of property from a tax sale to the county and a sale by the county after title has vested in the county and the right of redemption has gone. The property, sold by the county to respondent, in the instant case was disposed of pursuant to section 6056, Laws of Utah 1917, as amended by Session Laws of Utah 1921, c 140, with an omission and transposition of a sentence and substituting the word "shall" for "may" relating to redemption, which has now become section 80-10-68, R. S. Utah 1933, and further amended by chapter 62, Laws Utah 1933. The section here applicable provides that when a county has received a tax deed for any real estate sold for delinquent taxes, the board of county commissioners shall, during the month of May in each year, after notice, offer for sale as specified in the notice, all real property not theretofore sold or redeemed. The county clerk is authorized to execute deeds in the name of the county for all property sold. Such deed vests in the purchaser all of the title in the real estate sold when the title of the owner or other interested person has been extinguished in pursuance of and in conformity with the law in such cases made and provided.

*Hans'on* v. *Burris,* 86 Utah 424, 46 P. (2d) 400. If there is no purchaser at the May sale, the board of county commissioners shall then at any regular meeting sell such property as has not theretofore been sold at either public or private sale and shall apportion the proceeds from such sales in the same proportions as moneys arising from tax sale redemptions.

In the instant case the county had received a tax deed for the property; the period of redemption had expired, the May sale had been held, and no offer had been received at that sale. No question is raised as to the propriety of the private sale or the time or manner thereof or the reasonableness of the price except as stated. That the amount received from such sales shall be apportioned to the various taxing units or tax funds in proportion to the amounts due to them whether the full amount or a lesser sum seems so clear as to require nothing more than the statement of the situation. It could never have been intended that the property sold for taxes to a county should perpetually remain there and off the tax rolls until the full amount of taxes, interest, costs, and penalties could be realized. We see nothing in favor of such construction and everything practical and theoretical against it.

The remaining question is: Must boards of county commissioners seek the consent or secure the approval of the State Tax Commission in order to make a valid sale of property deeded to the county in pursuance of a valid tax sale after the offering of the property at the May sale in event the property is sold for less than the full amount of the tax levied upon which the sale is based including all taxes subsequently accruing, penalties, costs, and interest?

The State Tax Commission is a recently created agency of the state by constitutional amendment. Its creation, and subject to further legislative provision, its powers and duties are found in section 11 of art. 13 of the Constitution of Utah, as amended. Pursuant to the constitutional provision, other powers have been conferred and other duties have been im-

posed, and restrictions laid by the Legislature. Chapter 53, Laws of Utah 1931, and other statutes not necessary to be here referred to.

The only instance to which our attention has been called relating to tax sales or redemptions where the concurrence of the State Tax Commission and the board of county commissioners is required is found in section 6054, Comp. Laws Utah 1917, as amended to Laws Utah 1931, c. 53, § 1, p. 234. (This section was carried into R. S. Utah 1933 as section 80-10-61, and was amended by Laws Utah 1935, c. 87, § 1.)

The sections, for purposes of comparison, are as follows:

Comp. Laws Utah 1917, § 6054:

"In case property is sold to the county as purchaser pursuant to the provisions of law, and is subsequently assessed, no person must be permitted to redeem from such sale except upon payment also of the amount of such subsequent assessment, interest, penalty, and costs, unless, in the judgment of the county commissioners, the interest of the state and the county will be subserved by accepting a less sum than the amount due for taxes, interest, penalty, and costs."

Laws Utah 1931, c. 53, § 6054:

"In case property is sold to the county as purchaser pursuant to the provisions of law, and is subsequently assessed, no person shall be permitted to redeem from such sale except upon payment also of the amount of such subsequent assessment, interest, penalty and costs, unless in cases involving $250.00 or less, in the judgment of the county commissioners and in all other cases in the joint judgment of the county commissioners and of the State tax commission, the interest of the state and the county will be subserved by accepting a less sum than the amount due for taxes, interest, penalty, and costs."

R. S. Utah 1933, 80-10-61:

"In case property is sold to the county and is subsequently assessed, no person shall be permitted to redeem from such sale without paying also the amount of such subsequent assessment interest, penalty and costs; unless, in cases involving $250 or less, in the judgment of the county commissioners, and in all other cases in the joint judgment of the county commissioners and of the state tax commission, the interests of the state and the county will be subserved by accepting a less sum than the amount due for taxes, interest, penalty and costs."

Laws Utah 1935, c. 87, 80-10-61:

"In case property is sold to the county and is subsequently assessed, no person shall be permitted to redeem from such sale without paying also the amount of such subsequent assessment, interest, penalty and costs except as hereinafter· provided. In cases where application is made by any person interested therein to the board of county commissioners for an adjustment of taxes levied against property assessed by the county assessor, a sum less than the full amount due may be accepted, where, in the judgment of the board of county commissioners, the best human interests and the interests of the state and the county are thereby subserved. In cases where application is made by any person interested therein to the state tax commission for an adjustment of taxes levied against property assessed by it, a sum less than the full amount due may be accepted, where, in the judgment of the state tax commission, the best human interests and the interests of the state and the county are thereby subserved.

"Where such application is made, the applicant shall submit a statement, setting forth the following: (a) description of the property; (b) assessed valuation thereof for the current year; (c) the amount of delinquent taxes, interest and penalties; and (d) the amount proposed to be paid in settlement; and such other information as the county commissioners may require. Blank forms for such application shall be prepared by the state tax commission.

"Within ten days after the consummation of any adjustment, the board of county commissioners or the state tax commission, as the case may be, shall cause the same to be posted in the county where the property involved is situated. Such publication shall contain the name of the applicant; the book, page and line of the assessment book for the current year wherein the property involved is described; the assessed valuation of the property for the current year; the sum of the delinquent taxes, interest and penalty due, and the adjusted amount paid. A record of the action taken by the board of county commissioners shall be sent to the state tax commission at the end of each month for all action taken during the preceding month on forms to be provided by the state tax commission. A record of the action taken by the state tax commission shall be sent to the boards of county commissioners of the counties affected by such action."

From such of the foregoing statutes as may be applicable to this case, viz. 1931, or prior thereto, it would appear that the requirement of the concurrence of the State Tax Commission is limited to those situations involving a redemption

and before the May sale, and even in matters of redemption to those cases where the amount involved was in excess of $250. The Legislature recognized the distinction between a redemption within the four-year period, and subsequently up to the May sale, and a situation where a county had received deed to the property and the right of redemption had expired. After the May sale, the statute vests the right of sale in the discretion of the board of county commissioners. The money received from the sale of the property passes to the county for apportionment, the title to the property passes to the purchaser.

Property redeemed before the May sale may not be redeemed for less than the total taxes, interest, costs, and penalties. Property sold by a county after the May sale is not so limited and the apportionment of whatever is received is a matter of mathematics.

The case of *Heywood* v. *Board of County Commissioners*, 18 Utah 57, 55 P. 79, is not in point. The question involved in that case was whether or not the board of commissioners had the right to fix by notice the minimum price that would be accepted at that sale at the amount of the taxes, interest, penalties, and costs, or whether the board was required to accept the highest bid made at the sale unless such bid conformed to the terms of the notice. It was held the board of county commissioners had the right at the May sale to fix the minimum sum to be received for the property to be offered at the sale at an amount equal to the amount of the taxes, interest, costs, and penalties due at the date of sale, and the court refused to require the commission to accept a bid not according to the notice.

Nowhere in the statute is there reference to any specific amount that must be realized out of property after the May sale and expiration of the period of possible redemption. The distribution of the proceeds of a sale is not by the statute related to nor does it impose any limitations upon the passing of title to property sold at or subsequent to the May sale.

In Black on Tax Titles (2d Ed.) § 301, it is said:

"The purchase by the state of property sold for delinquent taxes will extinguish the debt and all liens arising from those taxes. But still, land which is acquired by a public corporation in this manner is not regarded in quite the same way as its general public property. This is for two reasons. In the first place, such land is not bought for speculative purposes, or for corporate uses, but as a means of enforcing the collection of taxes."

After property has regularly and legally gone to the May sale, all the provisions of the statutes relating to enforcing the collection of taxes against the property offered have been exhausted, the county as the holder of the title is then placed in the position of vendor, and subject to the limitation of a purchaser coming forward able, ready, and willing to buy upon such terms as may be agreed upon. All property for which there is no purchaser at the May sale shall thereafter be disposed of by the board of county commissioners either at public or private sale. Section 6056, Comp. Laws Utah 1917, as amended by chapter 140, Laws Utah 1921, supra. There has been a subsequent amendment not pertinent here to the section providing that such property may be disposed of "for such price and upon such terms as the said board may determine." Laws Utah 1933, c. 62. In so far as the question of price is concerned, the amendment contains no more than the former statute. The power to sell, or not, without any limitation as to price authorizes the fixing of a price.

Appellant suggests that section 6056, supra, as amended, is unconstitutional and without much emphasis suggests that tax settlements are in effect either a remission or an abatement of a debt or obligation due to the state. That property once taxed the liability of the owner becomes fixed, and that because of section 27, art. 6, the Legislature is deprived of power to release or extinguish such taxes in whole or in part, except taxes of the indigent poor. The suggestion is not tenable. Taxes are levied against the property. The property against which the levy is made is subject to the processes and procedure relating to the col-

lection, and disposition of the property in event the owner or any one interested in the property neglects or refuses to pay taxes properly assessed. When the tax law remedies have been exhausted, there is no debt or liability existing due to the state or any subdivision thereof from the former owner, or for that matter, from a purchaser after he has paid the agreed price and accepted conveyance. What the relation between the county and the other taxing units may be is not involved in this case and we express no opinion upon that matter.

We are of the opinion that after the county receives title, and when the property is no longer subject to assessment and therefore while held by the county has no taxable value, a county may sell that property as provided by law to a third person at whatever price may appear to the county commissioners as reasonable without the consent or approval of the State Tax Commission.

The demurrer was properly sustained. Judgment affirmed. Each party to bear its own costs.

FOLLAND, C. J., and HANSON, WOLFE, and LARSON, JJ., concur.