First National Bank of Sparta vs. Agnew and another.

RYAN, C. J., took no part.

FIRST NATIONAL BANK OF SPARTA vs. AGNEW and another.

VENDOR AND PURCHASER OF LAND.   *Remedy on land contract where part of the price is due and unpaid.*

In case of an ordinary contract of sale of land, with covenants by the purchaser to pay, as well as a provision that, upon default in payment of any installment, the contract shall be determined *at the option of the vendor*, and all payments forfeited, an action on the covenants for installments overdue will lie before all are due, and the vendor is not confined to the remedy by strict foreclosure; nor need he aver that he has tendered a deed, nor that he is ready and willing to convey on payment of the purchase money, nor that defendant is in possession.

APPEAL from the Circuit Court for *Chippewa* County.

The case is thus stated by Mr. Justice TAYLOR:

"Action to recover money due upon a contract under seal, made by one H. S. Allen with the defendants, by which the said Allen agrees to convey and assure to defendants, in fee simple, clear of all incumbrances, certain real estate described in the contract, upon defendants' first making the payments and performing the covenants mentioned in such contract. By the terms of the contract, defendants agree to pay said Allen, as the purchase money for said real estate, $1,500: $100 cash at the making of the contract, and, according to the complaint, the further sums of $400 on the first of October next

after the making of the contract, $350 on the first of October, 1876, and $300 on the first of October, 1877, with interest at the rate of ten per cent. per annum, and all taxes and assessments thereafter levied or assessed upon said lands. The contract further provided, that if the defendants failed to make any payment, or to perform any covenant on their part, the contract should be forfeited and determined at the option of the party of the first part, and in that case the defendants should forfeit all payments made by them, and such payments should be retained by the said Allen, in full satisfaction and liquidation of all damages by him sustained. The agreement was to bind the assigns of the respective parties, and bore date March 26, 1874.

" The complaint purports to set forth the contract at length, and alleges that Allen has performed and been ready and willing to perform his part of the contract, and every condition thereof, and that the defendants have refused to perform any part of said contract, although frequently requested so to do, except the payment of $100 at the time of making such contract; that Allen, previous to the commencement of the action, sold and delivered to the plaintiff the contract and the lands described therein, and all his interest in the same, for value; and that the plaintiff is now the owner and holder of the same, and claims judgment for the sum of $1,400, and interest at ten per cent. on that amount from the date of the contract. The action was commenced in May, 1877. Defendants demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action; the demurrer was overruled; and defendants appealed from the order."

*Arthur Gough*, for the appellants.

The cause was submitted for the respondent on the brief of *J. S. Carr.*

TAYLOR, J. The grounds upon which the learned counsel for the defendants insists that the demurrer ought to be sustained are, 1. That the action is for a specific performance, and there is no averment that a deed was tendered to the defend-

First National Bank of Sparta vs. Agnew and another.

ants, or that the plaintiff is ready or willing to. convey the premises upon payment of the purchase money.   2. That the only remedy of the plaintiff is to foreclose his contract.   3. That, there being no averment that the defendants ever got possession of the land agreed to be conveyed, the plaintiff can only bring an action for damages, and cannot recover the sums agreed to be paid by the terms of the contract.

We are unable to hold that either of the grounds alleged by the learned counsel shows that the complaint does not state a cause of action against the defendants.   The action is clearly not an action for a specific performance of the contract, but a legal action to recover money only.   No other relief is asked, nor are there any statements in the complaint which call for a judgment of specific performance.

There seems to be some mistake, either in the contract itself or in the copy set forth in the complaint.   The whole consideration is stated to have been $1,500, but it shows only $100 paid down, and $1,050 to be paid.   A sum of $350, to make up the whole $1,500, is omitted.   There is a further mistake in the claim for judgment for the $1,400, when, by the terms of the contract as set out in the complaint, there was only the sum of $750 due, with the unpaid interest at the time of the commencement of the action.   But, notwithstanding these mistakes and omissions, the complaint shows that at the commencement of the action there was due and unpaid on the contract the sum of $750 and the accrued interest, a sufficient amount, certainly, to constitute a cause of action, if the plaintiff is entitled to recover it of the defendants.

No authority is cited by the learned counsel to sustain his second ground.   The cases in this court go no farther than to hold that a vendor may proceed to foreclose the right of the vendee to have a specific performance of his contract, on his failure to make the payments as agreed; and this court has established the rule that in such cases the only judgment the plaintiff can have is a judgment of strict foreclosure of the rights of the vendee, unaccompanied by any personal judgment for the unpaid purchase money.   *Button v. Schroyer*, 5

Wis., 598; *Baker v. Beach,* 15 id., 99; *Landon v. Burke,* 33 id., 452. It is a remedy, therefore, which a vendor ought not to be compelled to pursue, in a case where but a very small portion of the purchase money has been paid, and we are not aware of any law or decision of this court which compels him to pursue that course.

The cases cited to sustain the third ground, that the action must be an action for damages strictly, where the action brought is strictly a legal action, are wholly inapplicable to the case at bar. All the cases cited, so far as we can ascertain, were cases where all the purchase money was past due, and where the vendor was not seeking to have the contract performed. It is probable that in England and other countries in which the courts of law and of equity are distinct courts, a vendor who brought an action in a court of law to recover upon a contract for the sale of lands, where all the purchase money was past due, would be held to have waived his right to have a specific performance of the contract; and as such court could only give a judgment for the payment of money unconditionally, it would limit the amount of the recovery to the damage actually sustained, for the reason that the title to the realty still remains in the plaintiff, and the court of law has no power to compel a conveyance on payment of the amount of the judgment recovered. But where the action is upon a contract for the sale of lands, where the installments are not all due, there can be no doubt as to the right of the vendor to maintain an action for each installment as it becomes due; and where the contract provides that the conveyance shall not be made until all the installments are due and paid, there would be an absurdity in holding that the plaintiff must show that he has offered to convey before suit brought. The covenants to pay, as to all installments except the last, are entirely independent of the covenant to convey, and can therefore be enforced without any allegation of an offer or willingness to convey. If it be urged that the vendee may be compelled to pay the greater share of the purchase money without having an assurance that he will get a good title to the land when he pays the whole,

the answer is, that when he made his contract he is supposed to have examined into the title of his vendor, and satisfied himself of his ability to make him a good title when the payments are made; and if he entered into the contract without such examination, then that he trusted to his remedy upon the vendor's covenant to convey, contained in the contract.

There can be no doubt that the complaint states a cause of action, and that the demurrer was properly overruled.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., took no part.