ABRAM BLAUVELT, Respondent, *v.* CALVIN C. POWELL, Appellant.

*Landlord and tenant — trespass by a stranger does not constitute eviction.*

The fact that parties, other than the lessor, and their workmen, make noises and commit trespasses, while erecting houses in the neighborhood of the house in which leased apartments are let, does not constitute an eviction, by his landlord, of the tenant in occupation of such demised apartments.

Appeal by the defendant, Calvin C. Powell, from a judgment of the Rockland County Court, entered in the office of the clerk of the county of Rockland on the 24th day of February, 1890, which affirmed a judgment rendered before a Justice's Court on December 24, 1889, in favor of the plaintiff for the sum of forty-five dollars damages.

*Garret Z. Snider*, for the appellant

*William E. Gowdey*, for the respondent.

Barnard, P. J.:

This action was originally commenced before a justice of the peace. The complaint stated the cause of action to be for rent of rooms in Nyack for three months, being the months of September, October and November, 1889. The leasing was admitted as stated at fifteen dollars per month, and that the rent was unpaid for three months. The defense stated in the answer was a former suit pending and eviction.

The action was commenced on the 23d of November, 1888. There was offered in evidence a copy judgment-roll of the County Court, showing an action brought for rent of December, 1888, and January, February and March, 1889. This record was rejected because not duly certified. The paper is not returned and it is impossible to say whether it was or was not certified so as to justify its introduction in evidence. It was proven that an action had been commenced for the latter months of the year, but the time of its commencement was not disclosed. The defense of a former action pending, therefore, fails. All the installments due upon a contract must be included in an action, but separate actions are legal for each installment, and it is manifest that this action was first commenced; and after all the installments became due for the remainder of the year, the action in the County Court was commenced.

The defense of eviction also failed. The plaintiff's lease only permitted the use of apartments in a house, and the eviction consisted in the fact that independent parties and their workmen made noises and committed trespasses while erecting houses east and west of the house in which the demised premises were situated. A trespass by strangers is not an eviction. There must be dispossession by a paramount title or by the act of the landlord, or he or his servants must make the occupancy so annoying and uncomfortable as to justify a tenant in removing from the same. The proof showed nothing to justify a conclusion of an eviction.

The judgment should, therefore, be affirmed, with costs.

Pratt, J., concurred.

Judgment affirmed, with costs.