[No. 8264.   Department One.   February 5, 1910.]

ALEXANDER HARSTAD, *Respondent*, v. JACOB O. OLSON *et al.*,
*Appellants.*[1]

ACTIONS—SPLITTING CAUSES—SEVERABLE CONTRACTS. A party may
sue on a severable contract for all items due when suit is brought,
and there is no splitting of causes of action.

CONTRACTS—ENTIRE OR SEVERABLE—PAYMENTS. A contract to clear
five acres of land is severable, where the owner agreed to pay for the
three first acres $140 per acre, $100 payable when each acre is com-
pleted, $75 when the fourth was completed, and balance when all
was completed.

JUDGMENTS—BAR—CONTRACTS—PARTIAL PERFORMANCE — RECOVERY
ON SEVERABLE CONTRACT. Where a contract for clearing land is sev-
erable, an action for the first installment, falling due on completing
the first acre, is not a bar to a recovery for the balance.

EVIDENCE—PAROL TO VARY WRITING. Evidence to show that a con-
tract had been partly performed, and part payment made before it
was reduced to writing, is not inadmissible as varying by parol the
terms of a written agreement.

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—SEVERAL CON-
TRACTS. In an action to recover on a severable contract for clear-
ing land, recovery cannot be had for the reasonable value of the
entire work upon defendants' breach of the contract and refusal to
allow plaintiff to perform, where plaintiff had pending another
action to recover the first installment due on completing the first
acre, or had been paid therefor.

Appeal from a judgment of the superior court for King
county, Morris, J., entered March 1, 1909, upon findings in
favor of the plaintiff, in an action on contract, after a trial
before the court without a jury.   Reversed.

*Martin J. Lund,* for appellants.

*Frank C. Park,* for respondent.

CHADWICK, J.—In February or March, 1907, plaintiff
entered into a verbal contract with defendants, whereby he
agreed to clear a certain five-acre tract of land, and entered

[1]Reported in 106 Pac. 741.

upon the performance of the work. On July 7, 1907, the parties reduced their contract to writing. The writing covered the whole five acres and made no reference to the work already done. On or about October 15, 1907, defendants objected to the manner in which plaintiff was performing the work, and ordered him to quit. He did so, but thereafter offered to complete the contract according to its terms. His offer was refused. On September 28 plaintiff brought an action against defendants for the value of the work performed between March and July 7, the time the written contract was entered into. The suit was begun before a justice of the peace and it was appealed, and it is now admitted that it resulted in a judgment against defendants in the sum of $55 over and above the payments which had been previously made, amounting to $89.50.

It was the theory of the trial judge that, the defendants having breached the contract, the plaintiff might recover for the reasonable value of his work, and that the suit brought for the work done prior to July 7 was not a splitting of his cause of action, as is most strenuously contended by counsel for defendants. As we understand the rule, when a contract is severable, a party may sue upon all items due at the time suit is brought. 1 Ency. Plead. & Prac., 152. The contract (and we conceive it to be immaterial whether we consider the oral or written contract, for there is nothing to show that they differed in their terms) provided:

"Second party agrees to pay to A. Harstad for the three first acres one hundred and forty dollars ($140) per acre, in the following terms. One hundred ($100) to be paid when first acre is completed in accordance with this contract, one hundred ($100) when second acre is completed, and one hundred ($100) dollars when third acre is completed; $75 when the first acre of the last two in this contract is completed and the balance in full when the work is completed."

We think this contract is severable, and we will not presume from the mere fact that a suit was brought that there was anything claimed to be due other than one or more of the

stipulated payments. The court found, upon a clear conflict of the evidence, that plaintiff had done seven hundred and nine hours work upon the five acres, and that it was of the reasonable value of $212.70, to which he added $97 for materials and money expended, making a total of $309.70. He allowed a lien for this amount. Defendants have appealed.

It was the contention of appellants throughout the trial that the respondent was claiming a double recovery and that the decree of the court made such allowance to him. We have shown that we do not agree with his theory that the suit in the justice court barred a recovery of the balance of whatever might be his due. But we do think the court was in error when he denied appellants the right to show that the contract had been partially performed when the contract was reduced to writing. The theory of respondent is that such evidence would vary a written contract by parol. This is not so. There was but one subject-matter, the clearing of five acres of land. This was stated in the written contract, but it cannot be denied that a part of the work had been done, and anything that would show a partial payment, whether before or after the contract was reduced to writing, was material, and has never, so far as we have been able to inform ourselves, been held to be a variation of the terms of a written contract by parol. It is not a question of contract —upon that the parties are agreed—but of payment, or a bar to recovery. This may be proved by showing another suit pending for a part of the entire sum due on the contract. Finding then, that the first suit was based upon the right to recover for clearing the first acre, the only question is, did the trial court consider and allow for the first acre in the second suit. As we have said, the record shows that appellants had paid respondent $89.55, and that a judgment had been rendered for $55.05, a total of $144.55. It also shows that the value of the whole work, including the first

acre, was the subject of the court's inquiry in this case. Respondent testified:

"Q. Now, Mr. Harstad, how many hours work did you perform on that clearing for Mr. Olson—that five acres? A. How many hours? Q. Yes, sir, how many hours personal labor? A. Seven hundred and nine, I think."

The trial judge filed a memorandum decision in which it clearly appears that he considered and allowed a recovery for the work done on the whole five acres. After basing his conclusion upon the number of hours' labor performed, he further justifies it by reference to the testimony of the witnesses as to the manner of the work done, without reference to the time employed. He says, for instance, the appellants' witness Linestad testified that the value of the work upon the first acre was $100, upon the second acre $40, etc.; that Stein, appellants' witness, testified that the value of the first acre was $100, and that Alexander, a witness for the appellants, testified that the value of the work performed upon the first acre was $75, etc. He then adds the figures furnished by these witnesses, and brings about a result substantially as he had found it. It seems too clear for further argument that respondent cannot recover for the whole five acres in this suit when another action was pending for a part of the amount due. Upon the theory, then, that the contract is severable, and that respondent has been paid or has a suit pending for the first acre, the judgment of the lower court will be reduced in the sum of $144.50.

This case will be remanded with instructions to the lower court to enter judgment accordingly. Appellants will recover their costs on appeal.

RUDKIN, C. J., FULLERTON, and GOSE, JJ., concur.