[No. 12530. Department One. July 29, 1915.]

FRED ROSE, *Appellant*, v. ADOLPH RUNDALL, *Respondent*.[1]

ELECTION OF REMEDIES — VENDOR AND PURCHASER — CONTRACT — BREACH — INCONSISTENT CONCURRENT ACTIONS. Where a vendor brought suit for the first installment due upon a contract for the sale of land, and prior to trial, prosecuted to judgment a second suit to forfeit the contract and quiet title for nonpayment of the second installment, the second action was an election of remedies and an abandonment of the previous pending action for the securing of unpaid purchase money; since the remedies were inconsistent and cannot be presented concurrently as accumulative remedies.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 26, 1914, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Myers & Johnstone*, for appellant.

HOLCOMB, J.—There was a contract in writing made by the parties on December 1, 1911, wherein appellant agreed

[1]Reported in 150 Pac. 614.

to sell, and respondent agreed to purchase, a tract of real estate in King county for $3,000. The sum of ten dollars was paid by the vendee in cash, and it was agreed that the balance should be paid in three equal annual installments of $997 each, on December 1, 1912, 1913, and 1914, with annual interest at seven per cent on the deferred amounts. Respondent defaulted on the installment due December 1, 1912, and this action was brought on November 8, 1913, to recover that installment and interest on the whole contract, aggregating $1,310.95. Subsequent to the institution of this action and on December 18, 1913, appellant served on respondent a written notice of forfeiture of the contract of purchase, and on January 13, 1914, appellant and his wife commenced an action in the superior court of King county against the respondent and his wife, to quiet the title to the premises described in the contract.

On May 1, 1914, respondent, through his attorneys, the Messrs. Revelle, answered the complaint in the case in hand by way of denial that there was anything due appellant as alleged in his complaint, and a further affirmative plea in abatement that "plaintiff has elected to bring another action involving the contract alleged in plaintiff's complaint, known as cause No. 98871, which action is still pending in this court." Appellant replied, denying the affirmative answer of respondent. On these issues, the cause proceeded to trial on September 28, 1914, in the superior court, and the pleadings and files, including a judgment entered on May 18, 1914, in cause No. 98871, of King county, quieting the title of the plaintiff therein as against all right, claim and interest of the defendants therein under and by virtue of the real estate contract, for the default in payment of the installment of purchase price maturing December 1, 1913. The trial court thereupon made findings showing the proceedings in cause No. 98871, and concluded that defendant is entitled to judgment in this cause, and entered judgment for the defendant, from which this appeal is prosecuted.

There is no appearance here and no brief on behalf of respondent. The only question, as stated by appellant, is: Did the decree in case No. 98871, set out in the findings of fact, bar appellant of his right to judgment in this cause? The position of appellant seems to be, although not so stated, that the bringing of this action for previous installments due under the contract, being an action in affirmance of the contract, was unaffected by the later action, No. 98871, to forfeit or end the contract for later defaults on the part of the vendee, the forfeiture in no wise concerning the prior defaults on the contract. It is argued:

"Appellant by bringing this action suffered the disadvantage and deprived himself of all defaults of the respondent occurring prior to December 1, 1913. In other words, respondent had the advantage, after the beginning of this action, of a new contract, which had been in a sense deadened by respondent's defaults, or at least was subject to forfeiture, but was brought to life and put in full force by the beginning and prosecution of this action."

It is insisted that the commencement of this present cause and its prosecution for a prior default, is separate and distinct from the default and nonpayment of December 1, 1913, and has nothing to do therewith. We assume that appellant means that for each default he could elect his remedy, and pursue such remedy to determination without in any wise affecting any election of remedy for any other default. This position loses sight of the principle that some remedies lie upon an affirmance of a contract which constitutes the basis of the remedy, and others depend upon its disaffirmance. A party may frequently have co-existing, concurrent, and not inconsistent remedies upon the same foundation; as, for example, in many jurisdictions a cause of action upon a wrongful and unfounded attachment for damages and a cause of action upon the attachment bond in the same matter; and also one may have separate and independent actions for nonpayment of successive installments of the debt, so long as

there is no "splitting" of an entire and indivisible demand. *Jacobs v. Lewis*, 47 Mo. 344; *Blauvelt v. Powell*, 59 Hun (N. Y.) 179, 13 N. Y. Supp. 439; *Bendernagle v. Cocks*, 19 Wend. (N. Y.) 207, 32 Am. Dec. 448. But as a general rule, where a purchaser has made a default in payment of the purchase money, the vendor may either sue to rescind or forfeit the contract and recover possession, if out of possession, or sue for the purchase money due, although the contract provides for a forfeiture. 29 Cyc. 1094 (e).

An action may constitute a conclusive election of remedies, in which case its pendency seems to be pleadable as a defense in bar of a subsequent suit. *Morris v. Rexford*, 18 N. Y. 552; *Bach v. Tuch*, 126 N. Y. 53, 26 N. E. 1019; *Dickinson v. Van Horn*, 9 Cal. 207. A real estate contract, such as the one in action, is a conditional sale contract with the absolute title reserved in the vendor. It is one entire contract of sale, though the purchase money is divided into installments for the benefit of the vendee. As to sales of personal property conditionally, it has been uniformly held in this state that in such matters the seller has a choice of remedies. He may either disaffirm the contract and retake the chattel, or he may treat the transaction as an absolute sale and sue on the contract for the purchase price. But since these remedies are inconsistent, he cannot do both. The assertion of one is an abandonment of the other. *Winton Motor Carriage Co. v. Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Ramey v. Smith*, 56 Wash. 604, 106 Pac. 160; *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577; *Thompson Co. v. Murphine*, 79 Wash. 672, 140 Pac. 1073.

It is a correct proposition that payments of installments of the purchase money, made by the vendee under such conditional contract of sale, either voluntarily or involuntarily, so long as the contract remains in force, would not relieve from a forfeiture for nonpayment of installments subsequently maturing. Nor would the procuring of a previous

judgment for previous installments, which remains unsatisfied, bar the vendor from declaring a forfeiture for default in payment of subsequent installments, for the remedies were not then used concurrently and accumulatively. But clearly, whenever the vendor elects to declare the contract forfeited by the vendee, and does so, and procures a final judicial decree fully and finally abrogating the contract, all other undetermined and coexisting rights cease and are determined. If the contract is abrogated, it is not "in a sense deadened," to use appellant's words, but it is absolutely dead. It is *functus officio*. If it is so as to one party, it is so as to the other. It cannot thereafter be revived and made a live contract by one party alone. The vendor alone cannot breathe the breath of life into it. All unpaid balances, not liquidated in judgment, are waived from the instant that the contract is declared extinct. The appellant elected and chose to formally and solemnly disaffirm and declare forfeit the unexecuted provisions for the benefit of the respondent, by bringing, prosecuting, and pursuing to judgment his cause No. 98871, for the judicial termination thereof. That constituted an abandonment of the action then pending for the recovery of any unpaid purchase money under the contract. By that election he must abide.

The case cited by appellant, *Lord v. Wapato Irrigation Co.*, 81 Wash. 561, 142 Pac. 1172, does not sustain his contention. There is no inconsistency in the plea of abrogation of a contract and demand of damages for a breach of its conditions, as pointed out in the cited case. Both disaffirm the contract. In appellant's cases, in the one he stands upon the contract in all its terms, and in the other he abrogates it. He cannot do both concurrently.

Judgment affirmed.

MORRIS, C. J., MOUNT, MAIN, and CROW, JJ., concur.