[No. 12809.  Department One.  December 30, 1915.]

## White Investment Company, *Respondent*, v. Frank Demarco et al., *Appellants*.[1]

Vendor and Purchaser — Breach — Forfeiture — Waiver.  The settlement of a suit to forfeit a contract for the sale of land for default in the payment of installments, and the acceptance of back payments due at that time, does not waive the vendor's right to insist upon a forfeiture upon a subsequent default, the vendor at all times having insisted upon a compliance with the terms of the contract.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 24, 1914, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court.  Affirmed.

*Blaine & Kinne*, for appellants.

*Robert A. Devers*, for respondent.

Mount, J.—This action was brought to quiet title to certain lots in an addition to the city of Seattle.  On the trial of the case, the court made findings and entered a decree in favor of the plaintiff.  The defendants have appealed.

It appears that on September 20, 1912, the appellants entered into a contract with the respondent by which the appellants agreed to purchase the property in question for the sum of $2,000.  The contract recites that $100 was paid at the time the contract was entered into; $120 was to be paid on the 15th day of October, 1912; and thereafter $20 per month was to be paid on the first day of each month until the full purchase price was paid.  The contract also provided that time was of the essence of the contract, and in case of failure of the appellants to make the payments agreed upon, that all the payments theretofore made should be forfeited, and the contract terminated.

[1]Reported in 153 Pac. 1060.

After the contract was entered into, and several payments had been made, the appellants defaulted, and an action was brought by the respondent to terminate the contract. Thereupon, by agreement of the parties, the back payments were made and that action was dismissed. Afterwards the appellants were again in default, and after a demand had been made upon them, and a refusal to pay, this action was brought.

The only defense attempted to be made was that, at the time the contract was entered into, as a part of the consideration therefor, the appellants gave to the respondent a quitclaim deed of certain other property, and that the respondent agreed to pay an indebtedness thereon amounting to some $3,500; that the respondent neglected to pay any part of that sum, and, therefore, had no right to terminate this contract.

The evidence is overwhelming to the effect that the respondent did not enter into an agreement with the appellants to take the piece of property belonging to the appellants, or to pay the liens against it amounting to some $3,500, or any other sum. That agreement, if any was ever made, was not made with the respondent, or any one for it. The evidence also very clearly shows—in fact it is not disputed—that the appellants were in default in the payments under the contract for the purchase of the lots in question, and that they had refused, after demand, to make any further payments thereon.

The appellants argue in their brief that, because the respondent accepted payments after default had been made, the respondent is not now entitled to hold the appellants strictly to the terms of the contract. But, as we have seen above, the only time the respondent accepted payments in default was after an action had been brought to set aside the contract. That action was settled by agreement by payment of the amount then past due, and the action was then dismissed. After that time, the appellants were again in de-

fault, and refused upon notice to make further payments. This fact takes the case out of the rule contended for by the appellants, that the respondent has waived the terms of the contract by a course of conduct. *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096; *Rose v. Rundall*, 86 Wash. 422, 150 Pac. 614.

The evidence convinces us, as it convinced the trial court, that the respondent at all times insisted upon a compliance with the terms of the contract, and that the appellants were in default and had refused to make further payments under the contract. The respondent, for that reason, was entitled to have the contract set aside, and a decree quieting title.

The judgment must therefore be affirmed.

MORRIS, C. J., CHADWICK, FULLERTON, and ELLIS, JJ., concur.