[No. 15200. Department Two. May 29, 1919.]

MAURICE S. LINDHOLM et al., Respondents, v. E. A. PATRICK, Appellant.[1]

SPECIFIC PERFORMANCE (47)—DEMAND AND REFUSAL—EVIDENCE—SUFFICIENCY. In an action for specific performance of a contract whereby defendant agreed to purchase a certificate of sale of property to be bid in for his benefit, plaintiff sustained the burden of proof as to demand and refusal to perform, where the evidence showed a specific demand by an attorney and readiness on plaintiff's part to perform and defendant's refusal, the land having in the meantime been sold on the foreclosure of a prior mortgage.

ACTION (10)—LEGAL OR EQUITABLE. An action to compel the specific performance of a contract whereby defendant agreed to purchase and pay for a certificate of sale, is not an action for damages in the sense of excluding equitable jurisdiction.

SPECIFIC PERFORMANCE (31-1) — CONDITION PRECEDENT — TENDER. Where a tender of performance was made and absolutely refused, the continuance of the tender is not a prerequisite to the maintenance of an action for specific performance of the contract on the part of the defendant.

SAME (5)—DEFENSES—FAILURE OF TITLE. An agreement by a defendant, a mortgagor, to purchase a certificate of sale on the foreclosure of a second mortgage, bid in for his benefit by plaintiff, is not excused by the foreclosure of the first mortgage, since such loss was defendant's fault in failing to discharge his own obligation to pay the same.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 8, 1918, upon findings in favor of the plaintiffs, in an action for specific performance, tried to the court. Affirmed.

*John M. Gleeson,* for appellant.

*A. E. Gallagher,* for respondents.

HOLCOMB, J.—Appellant, Patrick, was the owner of certain land situated in Lincoln county, Washington, on which was a first mortgage lien. In consideration

[1]Reported in 181 Pac. 876.

of the loan of certain money by the respondent Lind-holm, the appellant executed to Lindholm a second mortgage upon the same premises. Upon the com-mencement of an action to foreclose this second mort-gage by Lindholm, an agreement was entered into be-tween Patrick and Lindholm, the general terms of which were that Lindholm and wife agreed to bid in the property at the ensuing foreclosure sale at the amount due upon the second mortgage, and that, if the property were sold to Lindholm for the amount of such second mortgage, Lindholm would sell and assign the certificate of sale to Patrick at any time within twelve months thereafter, upon the payment by appellant to respondent of the amount bid by the respondent and any interest, taxes or sum that respondent might pay on a prior mortgage on the land, the agreement fur-ther stipulating as follows:

". . . said E. A. Patrick agrees and binds himself absolutely to purchase said certificate of sale from the plaintiff (Lindholm) in case said property or any part thereof is sold to the plaintiff at said sale, and to pay the plaintiff above named therefor in cash the sum for which said property is sold to plaintiff, on or before twelve months from the date of such sale of said land to plaintiff in said foreclosure proceedings, together with interest on the sum for which said land may be sold to the plaintiff from the date of such sale at the rate of eight per cent per annum until paid."

At the sheriff's sale, pursuant to the foreclosure pro-ceedings on the second mortgage, Lindholm bid in the property at the sum of $1,019, and received the sheriff's certificate of sale.

During the ensuing twelve months, appellant paid to respondent no part of the sum so paid by respondent, as he had agreed in the foregoing instrument. The evidence shows that, shortly after the expiration of the period provided for in the contract, demand was made

upon Patrick for the performance of his part of the agreement. Although it is denied, we view the evidence as showing that Gallagher, as attorney for Lindholm made a specific demand upon Patrick for performance within a reasonable time after the lapse of the contractual period, which demand was accompanied by an offer on respondents' part to specifically perform their obligation under the contract by assigning the certificate of sale to Patrick, which offer Patrick refused, saying he would not pay anything, nor accept any assignment of the certificate of sale. As we have said, this is contradicted by Patrick, but the trial court had the witnesses before it, and although the witnesses were interested, the court was able to judge of their credibility. We are of the opinion that the plaintiffs sustained the burden of proof in this regard, and that such proof shows that Patrick absolutely refused any demand for specific performance, or offer of performance by the respondents. Respondents brought into court, and tendered at the trial, an executed assignment of the sheriff's certificate of sale, and also a quitclaim deed as a further assurance of their good faith and readiness to perform. It transpired at the trial that the land in question had in the meantime been sold under foreclosure of the first or prior mortgage, and that the appellant was a party of record to such foreclosure action.

The chief questions raised on this appeal are, (1) was this properly an action in equity; (2) was a tender of the assignment of the certificate of sale by Lindholm a condition precedent to this action; and (3) whether the loss of the legal title to both respondent and appellant, by the subsequent foreclosure of the first mortgage, avoided the liability of appellant upon his written contract.

The distinction which this case suggests between a case at law and a case in equity has been very clearly defined by a number of learned courts. In *Rindge v. Baker,* 57 N. Y. 209, 15 Am. Rep. 475, it is said:

"If it [the action] be brought for *damages* for breach of contract, it is a case at law; if it be brought for money, by way of performance of the contract, it is a case in equity. Thus, where a vendor in a contract for the sale of land sues for the price, his action is equitable."

Here there is no claim for damages; the action is plainly one to compel the appellant to perform his contract for the payment of a sum of money, such contract being one of mutuality, allowing to appellant an action for specific conveyance had the conditions of the case been reversed. In *Rock Island Lumber & Mfg. Co. v. Fairmount Town Co.,* 51 Kan. 394, 32 Pac. 1100, the court said:

"A vendor of lands seeking the payment of the purchase money may maintain an action against the vendee for the specific performance of the written contract of sale upon the principle of mutuality of remedy. Wat. Spec. Perf. Secs. 14-16."

See, also, Pomeroy, Specific Performance, § 6; 2 Beach, Equity Jurisprudence, § 636; Tiedeman, Equity Jurisprudence, § 493.

Obviously, this is not damage in the sense of excluding equitable jurisdiction. The mere fact that a judgment is for money is not determinative of the character of an action as at law or in equity. Though not cited as directly in point, the recent decision in *Salt v. Anderson, ante* p. 149, 180 Pac. 873, and the cases therein cited, is of importance in this aspect of the argument. We conclude that the court below was properly sitting in equity.

On the question of the necessity of tender as a condition precedent to maintaining this action, what we have above indicated as the proof shown on the trial of the case in regard to the proffer of performance by respondent and his attorney, and its rejection by the appellant Patrick, brings this contention squarely within the well-established rule, repeatedly announced by this court as being supported by universal authority, that it is not necessary to continue a tender when the party for whose benefit the tender or the proffer of performance has been made repudiates the contract, for the reason that the law will not compel any one to do an idle thing.

In the case of *Kane v. Borthwick,* 50 Wash. 8, 96 Pac. 516, 18 L. R. A. (N. S.) 486, this court, speaking by Judge Rudkin, quotes with approval from 28 Am. & Eng. Ency. Law (2d ed.), page 5, as follows:

" 'The maxim that the law does not compel one to do vain or useless things applies to the case of tender of performance of an obligation. Hence a tender is not necessary where it appears that, if made, it would have been fruitless. The general rule may be stated as follows: An actual tender of performance may be excused when there is a willingness and an ability to perform, and actual performance has been prevented or expressly waived by the parties to whom performance is due. It appears then, that to excuse a failure to make an actual tender, there must be an existing capacity to perform, coupled with a state of facts which establishes the futility of making the tender.' "

See, also, *Livieratos v. Commonwealth Security Co.,* 57 Wash. 376, 106 Pac. 1125; *Weinberg v. Naher,* 51 Wash. 591, 99 Pac. 736, 22 L. R. A. (N. S.) 956.

The third and last contention is that respondents' inability to convey title avoids appellant's liability. It is the well settled doctrine of this and other jurisdictions that an action for the specific performance of

a contract to convey real property will not lie in favor of one who knows, prior to the commencement of such action, that the defendant is incapable of performing the contract for want of title. *Morgan v. Bell*, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *Peters v. Van Horn*, 37 Wash. 550, 79 Pac. 1110. The instant case is clearly distinguishable from the foregoing. Title was lost to either of these parties by the foreclosure of the first mortgage; but that was a condition directly the result of appellant's own action in placing such first mortgage upon his land, and was not an act or thing done by respondents. The respondents did not agree to pay off or protect against the first mortgage; they merely reserved the right to do so. Neither did the respondents procure the foreclosure of the first mortgage; that occurred by reason of the appellant's failure to discharge an obligation he himself had voluntarily incurred.

The judgment is affirmed.

CHADWICK, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.