[No. 18427. *En Banc.* January 8, 1925.]

WILLIAM E. STEVENS *et al., Appellants,* v. P. C. IRWIN
*et al., Respondents.*[1]

APPEAL (358)—DISMISSAL—AFFIDAVITS—PRACTICE ON MOTION TO
DISMISS. A motion to dismiss an appeal will not be granted upon
facts occurring since the entry of the judgment, where the affidavits
showing such facts are denied.

VENDOR AND PURCHASER (146, 156-1)—REMEDIES OF VENDOR—RE-
COVERY OF INSTALLMENTS—JUDGMENT—LIEN AND ENFORCEMENT. In an
action to recover overdue intermediate installments upon a land
contract, the plaintiff is entitled to a personal judgment enforcible
against any property of the defendant agreeing to pay the install-
ments.

PEMBERTON, J., dissents.

Appeal by plaintiffs from a judgment of the superior
court for King county, Griffiths, J., entered October 3,
1923, upon findings favorable to the plaintiffs, in an
action on contract, tried to the court. Modified.

*Byers & Byers,* for appellants.

*R. J. Meakim,* for respondents.

BRIDGES, J.—By the terms of a written contract, the
plaintiffs agreed to sell, and the defendants agreed to
purchase and pay the purchase price for, certain real
estate. The price was $10,000. Fifteen hundred dol-
lars of it was paid down in cash, and the balance was
payable in $500 installments at certain fixed periods.
When all of the purchase price was paid, the plaintiffs
were to give their deed to the property. Time was of
the essence of the contract. If the payments on the
purchase price were not made as provided, the plain-
tiffs were to have the right to forfeit all payments and
terminate the contract. Two of the intermediate in-

[1] Reported in 231 Pac. 783.

stallments were not paid and plaintiffs brought suit therefor, seeking a personal judgment. The trial court gave judgment for the amount of the two overdue installments, but provided that "recovery shall be limited to the property described in the contract and that there shall be no lien on any other property of the defendants of any kind whatsoever, and that no general execution shall issue against any other property of the defendants, but that said execution shall be limited to the property described in the contract." The plaintiffs appeal from that portion of the judgment which we have quoted, and here maintain that they are entitled to enforce their judgment in the usual manner against any property owned by the respondents.

The respondents move to dismiss the appeal "for the reason that, subsequent to the trial and judgment herein, the appellant vendors resumed possession of the property described in the contract and still retain possession thereof." The argument seems to be that the appellants may not terminate the contract and take possession of the property agreed to be sold and at the same time maintain an action for the purchase price.

This motion is supported by affidavits which tend to show that the appellants had resumed possession of and control over the property, but this is denied by a controverting affidavit. A motion to dismiss an appeal on account of something that has happened since the entry of the judgment may be made and supported by affidavits; and if the grounds are sufficient and undenied, it will be granted, but if the grounds are sufficient but the facts denied, the motion will be refused. *Jones v. Jones,* 75 Wash. 50, 134 Pac. 528. The motion to dismiss is denied.

The appellants contend that they are entitled to

maintain their action and secure a personal judgment for the intermediate overdue installments, and that such judgment should be collectible as any other judgment, and its enforcement not limited to the property described in the contract. The respondents contend that the appellants may not maintain the kind of action they instituted, but that, when an intermediate installment became due and was unpaid, they "then had the option to bring an action at law for damages or an action in equity against the vendors equitable interest in the land," by which we assume they mean to take the position that, where a vendee under a contract of purchase breaches his contract, the vendor may sue for damages as a result of the breach or may foreclose the contract. They cite in support of their view the following cases from this court: *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910; *Roy v. Vaughan,* 100 Wash. 345, 170 Pac. 1019; *Lindholm v. Patrick,* 107 Wash. 243, 181 Pac. 876, and *Barton v. Tombari,* 120 Wash. 331, 207 Pac. 239, relying for the most part on the first and last cases cited.

It is our view that the appellants had a right to maintain their action as commenced. The rule seems to be that a vendor under an executory contract of sale may maintain an action for the purchase price, but where his suit is for all of the balance of the purchase price, he must offer to perform the obligations imposed upon him by tendering and bringing into court a deed of conveyance to the property, because the vendor is not entitled to have both the land and a judgment for the purchase price. But if the suit be for an intermediate installment of the purchase price, judgment may be had without any tender of deed. It is also the rule that, when a purchaser of real estate declines to abide by his agreement to pay the purchase money, the

vendor may bring an action to compel payment, thus affirming the contract, or he may sue for damages for the breach of the contract, thus rescinding and terminating it. *Sanders v. Brock,* 230 Pa. St. 609, 79 Atl. 772, 35 L. R. A. (N. S.) 532; *Rose v. Rundall,* 86 Wash. 422, 150 Pac. 614, and cases hereinafter cited.

The case of *Underwood v. Tew,* 7 Wash. 297, 34 Pac. 1100 appears to be controlling of the question we are discussing. There the suit and facts were very similar to those here. The court said:

"The obligation to pay the notes which fell due prior to the time when the conveyance was to be made under the contract, was independent of the obligation on the part of the plaintiff to convey, and payment of each of said notes might have been enforced by action as they became due and payable, had the plaintiff seen fit to do so."

The case further holds that the vendor could not recover because he was suing for all the balance of the purchase price without tendering a deed. The rule in actions of this character is very clearly stated in 29 A. & E. Ency. Law, p. 690.

"Contracts under which the purchase price is to be paid in installments are generally construed so that all the installments but the last may be sued for as they fall due, the last installment and conveyance being dependent . . . In any event, if the vendor waits for the maturity of the last installment, on the payment of which the conveyance is due he cannot then recover on any installment without having tendered a deed, and it is no excuse for failure to make tender that the first installments have not been paid."

The following are a few of the cases supporting this view: *First National Bank v. Agnew,* 45 Wis. 131; *Hill v. Grigsby,* 35 Cal. 656; *Battey v. Beebe,* 22 Kan. 81; *Eddy v. Davis,* 116 N. Y. 247, 22 N. E. 362; *Shelly v. Mikkelson,* 5 N. D. 22, 63 N. W. 210.

The cases from this court relied upon by the respondents do not lay down any contrary doctrine.

In *Hogan v. Kyle, supra,* the vendor sued to recover the whole of the unpaid purchase price, without tendering or bringing into court any deed of conveyance, and it was held that the action could not be maintained, because, when he sued to recover the whole of the purchase price, the duties devolving upon the vendor and vendee were dependent one upon the other and neither one could seek performance without himself performing. We do not think *Roy v. Vaughan, supra,* and *Lindholm v. Patrick, supra,* cited by respondents, bear upon the question involved here. We are therefore of the view that the appellants had a right to maintain this action and to obtain a personal judgment against the respondents.

But the question remains as to whether that judgment may be collected as any other personal judgment, or may be enforced only as against the property described in the contract. It is said in the briefs that the trial court was induced by the case of *Barton v. Tombari, supra,* to limit the enforcement of the judgment to the property involved. But, as we read it, that case does not justify such a conclusion. Briefly, the facts there were that there was a contract for the sale of certain real estate, and after the vendee had paid a portion of the purchase price, he instituted suit against the vendors to rescind on the ground of misrepresentations and to recover the amount he had paid. On the other hand, the vendors, denying the misrepresentations and alleging failure of the vendee to comply with the contract, sought affirmative relief by foreclosure of the contract. The court found that there had been no misrepresentations and entered a personal judgment for the balance of the purchase price and de-

creed foreclosure of the contract. That judgment provided, as prayed for by the affirmative answer, that the vendee's interest in the contract property should be sold on execution and the proceeds applied to the payment of the judgment, and that the vendors should have a deficiency judgment for any balance. In other words, the court entered a decree enforcing the vendor's lien. We held that, under those circumstances, no deficiency judgment could be obtained. This decision is right because it is in direct accord with the relief sought by the vendors, and because what they sought was a foreclosure of their lien and any money judgment (being a part of the vendors' lien) could be enforced only against the property involved. The relief there sought was entirely different from that sought here. There the relief asked was the enforcement of the vendors' lien against the property; here the action is to obtain a personal judgment for any moneys which the respondents in their contract expressly agreed to pay.

The case of *Anderson v. Wallace Lumber & Mfg. Co.,* 30 Wash. 147, 70 Pac. 247, was one for the enforcement of the purchase price on the sale of real estate, and we said.

"The performance on the part of the defendant here required is the payment of the purchase price, which may be enforced by the collection of the money from any of the defendant's property, or enforced by order of sale as upon execution."

We are unable to see any reason why the appellants are not entitled to collect their judgment from any property belonging to the respondents. The latter, by express agreement, promised to make the payments for which judgment has been entered. By contract, they became indebted to appellants in that amount, and we see no reason why they may not be forced to live

up to their contract by entry of judgment against them to be collected in the usual manner.

The judgment is modified by eliminating therefrom all that portion thereof which limits its enforcement to the property involved in this case, and as so modified is affirmed.

MAIN, C. J., MACKINTOSH, PARKER, HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.

PEMBERTON, J., dissents.