KENWORTH SALES COMPANY, *Appellant*, v. A. SALANTINO, *Respondent*.[1]

*Wm. H. Pratt* and *Smith & Matthews*, for appellant.
*A. B. Cunningham*, for respondent.

HOLCOMB, J.—This is an action by appellant to recover two monthly payments of $100 each which had become due upon a conditional contract for the purchase of an automobile truck.

The complaint alleges that appellant and respondent entered into an agreement in writing on July 14, 1928, for the purchase of a certain described truck and equip-

[1] Reported in 281 Pac. 996.

ment for which respondent agreed to pay the sum of $2,546 with interest thereon, and paid upon the purchase price the sum of $800, leaving a balance due of $1,746, which respondent agreed to pay in monthly installments of not less than $100 per month on the 15th day of each month, commencing August 15, 1928; that there had become due upon the contract the $100 payment of December 15, 1928, and the $100 payment of January 15, 1929 (being the fifth and sixth installments), together with the interest as stipulated.

To the complaint, respondent answered by way of denials and affirmative allegations, an affirmative defense being that two suits had been brought for prior installments on the contract in suit and judgment had been entered in one of the cases, which judgment respondent alleged to be *res judicata* of the matter involved herein, and the other was pleaded in abatement.

Upon trial to the court without a jury, the trial court held that, under the contract in this case, the bringing of a suit on one unpaid installment and the prosecution to the judgment thereon was *res judicata* as to any further action by appellant upon the contract for any subsequent payments. The trial court thereupon entered findings of fact, conclusions of law and judgment, in conformity with its holding in favor of respondent.

The contract in suit contains, among other provisions, the following which are material to this controversy:

There is a paragraph providing that the balance of $1,746 shall be paid in monthly installments of not less than $100 on the 15th day of each month commencing August 15, 1928, and for a final payment of $146 on December 15, 1929. There is also a subdivision in a certain paragraph of the contract reading:

"The said vendor or its assigns may, if it so elects, in case of such default, without notice (notice of every kind being expressly waived), confirm the sale of said property and recover the balance of the unpaid purchase price, the unpaid balance in such event to bear interest at twelve per cent per annum from date of such default until paid."

■ Respondent persuaded the trial court that the last quoted portion of the contract constituted an acceleration clause, and that, when any payment of a monthly installment was defaulted and appellant had sued to recover and obtain judgment for that monthly installment, such action constituted confirmation of the sale and that appellant had no right thereafter to recover any of the remaining installments of purchase money.

What respondent argues constitutes the acceleration clause in the contract are the provisions that appellant might confirm the sale "and recover the balance of the unpaid purchase price, the unpaid balance in such event to bear interest at twelve per cent per annum" until paid. He asserts, in effect, that when a default occurred in the payment of any installment, the balance of the purchase money thereupon became due, if the vendor elected to enforce payment, instead of disaffirming the sale and retaking the property.

We do not construe that clause of the contract as an absolute acceleration clause. It gives no more than the option to the vendor (appellant), if it so elects in case of such default, to confirm the sale of the property without notice and recover the balance of the unpaid purchase price, but it is no more than an option to do either, without notice.

■■ Respondent cites: *Collins v. Gleason,* 47 Wash. 62, 91 Pac. 566, 125 Am. St. 891; *Hills v. Hoquiam,* 94 Wash. 63, 161 Pac. 1049; *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230; *White v. Miley,* 137 Wash.

80, 241 Pac. 670; *Sprague v. Adams,* 139 Wash. 510, 247 Pac. 960, and *Johnson v. National Bank of Commerce,* 152 Wash. 47, 277 Pac. 79, to sustain his contention that an entire cause of action cannot be split, and that, when suit is brought upon a split cause of action, it is *res judicata* of the entire controversy. An examination of all of the foregoing cases shows that they were each and all based upon actions that were undoubtedly entire and should not have been split. The *Johnson* case, *supra,* is cited to the point that, to make a judgment *res judicata,* there must be a concurrence of identity in four respects: ''(1) of subject matter, (2) of cause of action, (3) of persons and parties, and (4) in the quality of the persons for or against whom the claim is made'' as being particularly apt here. It is asserted that here subject-matter is the same as in all the other suits; that the cause of action is the same default in payment on the same contract, and the exercising of the option confirmed the sale; that the persons and parties are the same and stand in the same relation to each other.

We disagree with the contention of respondent that the cause of action is the same default in payment on the same contract. There had been previous defaults on the same contract upon which action was taken to enforce payment of other installments. The present actions constitute separate defaults under the same contract, but not the same defaults.

The great weight of modern authority is that a contract to do several things at several times is divisible in its nature because, although the agreement is in one sense entire, the performance is several, and an action will lie for the breach of any one of the stipulations, each of them being considered, in respect to the remedy, as a several contract. 1 C. J. 1112.

We are committed to the rule that a party may sue

on a severable contract for all items due when suit is brought and there is no splitting of causes of action. *Harstad v. Olson,* 57 Wash. 264, 106 Pac. 741; *Stevens v. Irwin,* 132 Wash. 289, 231 Pac. 783.

The last cited case was similar to this in that it was an action for payments due upon an executory contract for the sale of real estate, the unpaid purchase price of which was to be paid in installments at stated periods. We quoted with approval from *Underwood v. Tew,* 7 Wash. 297, 34 Pac. 1100, as follows:

"The obligation to pay the notes which fell due prior to the time when the conveyance was to be made under the contract, was independent of the obligation on the part of plaintiff to convey, and payment of each of said notes might have been enforced by action as they became due and payable, had the plaintiff seen fit to do so."

A similar case containing such a supposed acceleration clause as that in this case, is *Putthoff v. Walker,* 213 Mo. App. 228, 248 S. W. 619, and the purported acceleration clause reads:

"If default is made in the payment of any installment or interest when due then all the remaining installments shall become due and payable at once."

It will be observed that the provision, that "all the remaining installments shall become due and payable at once," is more positive than the provision in the contract before us. The court there held that the alleged acceleration clause was not self-executing, reviewed a number of authorities, and concluded that it is an almost universal rule that such acceleration clause, in any event, is not self-executing, but merely confers an option upon the holder to treat the debt as due.

There can be no doubt, under the situation shown in this action, that the sale has become absolute and con-

firmed in respondent by the several actions of appellant to recover the installments unpaid and defaulted, but appellant has never yet elected to declare the unpaid balance wholly due and collectible. It is not an option that can be exercised by the vendee, but only by the vendor.

We conclude therefore that the judgment of the trial court was erroneous and should be reversed. It is so ordered.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.

[No. 21997.  Department Two.  October 31, 1929.]