[No. 26360. Department One. February 1, 1937.]

R. W. RUSSELL, *Respondent*, v. PASHA C. STEPHENS *et al., Appellants.*[1]

E. A. *Cornelius,* for appellants.

A. O. *Colburn,* for respondent.

MAIN, J.—This action was brought to rescind a contract for the purchase of real estate. The principal defendant, Pasha C. Stephens, in her answer, denied the claimed right to rescind, and affirmatively pleaded a

[1]Reported in 64 P. (2d) 787.

counterclaim for breach of the contract. The trial was to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to the relief sought. From the judgment entered rescinding the contract, Mrs. Stephens appeals.

February 20, 1935, the appellant, through one R. J. Hilton, acting for her, sold to the respondent a farm consisting of one hundred sixty acres, in Spokane county. On the same day, she leased to the respondent a half section of land which she had recently purchased. The negotiations leading up to the purchase contemplated that the respondent, if he agreed to purchase, was to have a lease upon the adjoining half section, and that was the reason that the appellant purchased it. About a week after the contract of purchase and the lease were executed, the respondent gave notice, in writing, of rescission, claiming fraudulent representations in a number of respects. Thereafter, the present action was brought for the purpose above indicated.

The question to be determined is whether the appellant acquiesced in the rescission by reason of the fact that, in her answer, she sought damages for breach of the contract. In the answer, after making certain admissions and denials with reference to the allegations of the complaint, the appellant pleaded:

"For an affirmative defense, and for a counterclaim, this defendant alleges: . . ."

Following this, appellant pleads facts relative to the transaction, after which this appears:

"That plaintiff has failed to perform his said lease and to perform the terms of his contract, and that by reason thereof, this defendant has been damaged in the sum of $1,000.

"WHEREFORE, this defendant prays that the plaintiff take nothing by his complaint in this action, and that

this defendant recover damages against said plaintiff in the sum of $1,000, together with her costs and disbursements in this action sustained.''

Here is a distinct demand for damages as the result of the breach of the contract. This pleading was not an action to compel payment, as provided for in the contract, but, as stated, damages were sought for the breach thereof. A plea for damages for breach of the contract operates as a rescission thereof and terminates it.

In *Stevens v. Irwin,* 132 Wash. 289, 231 Pac. 783, it is said:

"It is also the rule that, when a purchaser of real estate declines to abide by his agreement to pay the purchase money, the vendor may bring an action to compel payment, thus affirming the contract, or he may sue for damages for the breach of the contract, thus rescinding and terminating it. *Sanders v. Brock,* 230 Pa. St. 609, 79 Atl. 772, 35 L. R. A. (N. S.) 532; *Rose v. Rundall,* 86 Wash. 422, 150 Pac. 614, and cases hereinafter cited."

It thus appears that the appellant, by her pleading, acquiesced in the rescission, and her only relief would be damages for the breach of the contract. Upon the trial, no evidence of damages was offered. This being true, the appellant was not entitled to any relief.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.