[No. 27479. Department One. July 27, 1939.]

TESSIE KLEIN, *Respondent,* v. DORA ZEEVE *et al., Appellants.*[1]

[1]Reported in 92 P. (2d) 877.

*Bausman, Oldham, Jarvis & Wampold,* for appellants.

*Padden & Moriarty, Melvin T. Swanson,* and *Ivan Merrick, Jr.,* for respondent.

STEINERT, J.—Plaintiff and defendants entered into a written contract by the terms of which plaintiff agreed to sell and defendants agreed to buy a specified number of shares of corporate stock owned by plaintiff. The purchase price, amounting to twenty thousand dollars, was payable as follows: Two thousand dollars upon the execution of the agreement, two thousand dollars or more annually, for a period of four successive years, and thereafter five thousand dollars or more, annually,

for two additional years, with interest on the deferred installments, payable semi-annually.

By the terms of the contract, plaintiff agreed to endorse the certificates of stock in blank and deposit them, together with an executed copy of the contract, in escrow with a designated bank, to be held by it for the benefit of plaintiff until the stock had been fully paid for, at which time the bank was to deliver the stock to defendants. It was also stipulated that, if any payment was not made as agreed, and if plaintiff should exercise her option to forfeit the contract as therein provided, then the certificates were to be redelivered to plaintiff, and defendants should thereafter have no further interest in them; also, that, on redelivery of the stock in case of default, the bank should not be obligated to declare a forfeiture or conduct any foreclosure, and that such redelivery should be directly to plaintiff without any notice of procedure. It was further agreed that, until the stock was fully paid for, plaintiff was to have all rights of ownership therein, including the right to vote the shares at all meetings of stockholders, but that defendants should be entitled to dividends thereon so long as they were not in default of any payment on the contract.

The agreement also provided that time was made the essence thereof, and that, if defendants failed to make any of the payments, principal or interest, as therein stipulated, plaintiff should have the option either to declare the whole amount of the purchase price immediately due and payable and sue for its recovery, or to cancel the agreement, have the stock redelivered to her by the bank, and forfeit all payments made, as liquidated damages.

Pursuant to the agreement of the parties, plaintiff endorsed the certificates of stock in blank and delivered

them to the bank, and the defendants made the initial payment of two thousand dollars.

Thereafter, defendants having failed to make any payment of either principal or interest, plaintiff began this action to recover the amount of the past-due principal installments, amounting to six thousand dollars, together with interest thereon to the date of filing the complaint. At no time, however, did plaintiff ever tender delivery of the stock to defendants. After the suit had been commenced, defendants made written demand upon the plaintiff for immediate delivery of the stock, but they made no tender of the amount then due and owing by them; the demand was refused.

Trial of the issues by the court without a jury resulted in a judgment in favor of plaintiff for the past-due installments, together with interest on eighteen thousand dollars to date of the judgment. Defendants have appealed.

There is some dispute between counsel as to whether the contract in legal effect is a conditional sale contract or an escrow. For the purposes of this case, we will adopt appellants' contention and will consider the instrument as a conditional sale contract, and the escrow provision as a mere incident thereof. We will also, for the purposes of this case, adopt appellants' further contention that, under the terms of the agreement, the bank held the stock as agent for respondent, and that, consequently, possession of the stock by the bank was equivalent to possession by respondent.

Proceeding from these premises, appellants advance three propositions and upon that tripod rest their defense to the suit. They say (1) that the commencement of an action to recover a part of the purchase price constituted an election of remedies and made the sale absolute, thereby vesting title to the stock in appellants; (2) that the failure to tender or deliver

the stock at the time of the commencement of the action constituted a conversion by respondent, entitling appellants to rescind the contract; and (3) that, appellants having treated the contract as abrogated, respondent is not in a position to maintain an action for the purchase price.

■ The first proposition is conceded by respondent, and we accept it as stating the rule in this jurisdiction. *Eilers Music House v. Douglass*, 90 Wash. 683, 156 Pac. 937.

We do not, however, agree with appellants' second proposition with regard to the alleged effect of failure by respondent to tender or deliver the stock.

■ The contract in this case is divisible in its nature, containing separate and distinct obligations giving rise to separate causes of action upon which separate actions may be maintained. *Helsley v. American Mineral Production Co.*, 118 Wash. 571, 204 Pac. 190; *Kenworth Sales Co. v. Salantino*, 154 Wash. 236, 281 Pac. 996.

In the *Salantino* case, *supra*, an action was brought to recover certain installments due on a conditional sale contract. It appeared that prior actions had been brought to recover other installments of the contract, and that judgment had been obtained in one of those actions. We held that the former judgment was not *res judicata* of the pending action. The opinion in that case was based upon a recognition of the general rule stated therein as follows:

"The great weight of modern authority is that a contract to do several things at several times is divisible in its nature because, although the agreement is in one sense entire, the performance is several, and an action will lie for the breach of any one of the stipulations, each of them being considered, in respect to the remedy, as a several contract. 1 C. J. 1112.

"We are committed to the rule that a party may sue

on a severable contract for all items due when suit is brought and there is no splitting of causes of action. *Harstad v. Olson*, 57 Wash. 264, 106 Pac. 741; *Stevens v. Irwin*, 132 Wash. 289, 231 Pac. 783."

██ This brings us to the crucial question, namely, whether suit for an intermediate installment may be maintained independent of any performance on the part of respondent. The answer to that question depends upon the terms of the particular agreement.

Restatement of the Law, Contracts, 391, § 269, states the applicable rule as follows:

"Where by the terms of promises for an agreed exchange a stated material performance by one party is due at an earlier time than a stated performance by the other party, the duty to render the later performance is constructively conditional on the earlier performance being rendered, except as stated in § 268(2)."

The exception provided for in § 268(2) relates to cases where a party has received all, or substantially all, of the agreed exchange for a performance promised by him; in such case, the duty of the one party to render performance is not conditioned upon any further performance by the other party except when it is expressly so provided. Manifestly, the provision of § 268(2) does not apply here.

By the express terms of the contract in this case, the stock was to be held by the bank for the benefit of respondent until it had been paid for in full by appellants, with all rights of ownership of the stock retained in respondent during such period. There was no covenant or duty on the part of respondent to make delivery of the stock prior to appellants' performance of their part of the contract; and since the action did not seek recovery of the entire purchase price, or the last payment thereof, respondent was not required to make a tender of delivery at or after the commencement of her action.

Since neither delivery nor tender was required, no question of conversion entitling appellants to rescind the contract is presented, and hence appellants' third proposition need not be considered.

■ In support of their original contention, appellants advance the further argument that respondent must be held to be suing for the entire purchase price because the prayer of her complaint asked for interest, a part of which was not yet due, and also because the judgment included interest on all deferred payments to the date of its entry, which was beyond the last preceding interest-paying date specified in the contract.

It is clearly apparent from the record that respondent was not attempting to accelerate the unmatured installments, as she might have done, but was only seeking to recover upon the installments that were past due. It is likewise apparent that appellants' sole ground of defense was that the contract had been wholly abrogated as a result of respondent's conversion of the stock upon their failure to tender delivery thereof to appellants. The amount due, if any, was simply a matter of computation and, so far as the record discloses, was not in dispute.

■ It may be that the court erred in allowing interest beyond the last-preceding interest date, but in our opinion the assignments of error are not sufficient to present that question, and we will not consider it upon the mere suggestion by way of argument in the brief.

The judgment is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and JEFFERS, JJ., concur.