SILAS S. DENTON *vs.* DANIEL SCULLY and another.

December 30, 1879.

**Action by Vendor to Forfeit Bond for Deed.**—Complaint in this case *held* to state a cause of action.

Appeal by defendants from an order of the district court for Washington county, *Crosby*, J., presiding, overruling a demurrer to the complaint.

*Brisbin & Oppenheim,* for appellants.

*McCluer & Marsh,* for respondent.

BERRY, J. The plaintiff, being owner and in possession of certain lands, on May 9, 1874, executed and delivered to defendants a bond for the conveyance of the same to them, upon payment of $5,807.98, according to the terms of seven promissory notes, executed and delivered to him by the defendants, and of the guaranty of the note of one Mackey for $161.92. Defendants thereupon entered into possession of the lands, and have ever since occupied and cultivated the same. The first and second notes have been paid, and enough of the third so that the whole amount paid is about $2,000.

Defendants having failed to pay the remainder of the third note and also the fourth note, plaintiff commenced an action to collect the amount thereof, and in December, 1878, recovered judgment for the same. Execution was issued upon the judgment, and duly levied upon lands belonging to defendants. Thereafter the defendants instituted an action in which they seek to vacate the levy of the execution, and all proceedings under the same, upon the ground that the lands levied upon were defendants' homestead, and therefore exempt from sale on execution. This action is now pending and undetermined. Aside from the lands levied upon, and their interest in the lands bonded to them by plaintiff, as aforesaid, defendants have no property not exempt from execution.

No part of the fifth note, which is for $1,000, and which fell due before the commencement of this action, has been paid, and no part of the sixth and seventh notes (which were not then due) has been paid. Defendants have neglected to pay the taxes on the bonded lands, as by the terms of the bond it appears they were expected to do, and have allowed the same to be sold for taxes. The rents and profits of the lands are of the yearly value of over $300, and the lands are of the value of $5,000.

The prayer of the complaint is that the court ascertain the amount due and unpaid on account of the purchase of the lands; that an early day be fixed, at or before which such amount shall be paid by the defendants; that in default of such payment, the bond be declared forfeited, and plaintiff have restitution of the bonded premises, or such other and further relief as may seem just and equitable, etc.

To the complaint which sets up these facts the defendants demur, on the ground that it does not state facts constituting a cause of action. The complaint sets up a state of facts clearly entitling the plaintiff to some kind of relief. The defendants have received and hold his bond, and under it they are in possession of the bonded land, and in the enjoyment of its rents and profits. They have failed to comply with the terms upon which they were to acquire title to the land, according to the tenor of the bond and their notes. In other words, they have broken their contract, and, as in other cases of breach of contract, the party aggrieved, who is in this instance the plaintiff, is entitled to a remedy. A not unreasonable remedy would be to require the defendants to pay as they have agreed to do, or to abandon the contract. Accordingly a court of equity not unfrequently administers this remedy, by ascertaining the amount owing on the contract, by fixing the day by which the defendants are to pay it, and, in default of such payment, declaring the contract forfeited, and restoring the plaintiff to possession; or if, upon a consideration of the circumstances of the case and the interests of all

parties concerned, it appears more just and equitable, to direct a sale of the defendants' interest in the bonded lands, or in some instances a sale of the land itself, and the application of the proceeds to the payment of the defendants' liabilities on account of the bond. It follows that the complaint does state a cause of action, and that, therefore, the demurrer was properly overruled.

In the order overruling the demurrer, the court gave the defendants leave to answer the complaint within five days from the time of the service of the order upon their attorneys, upon condition that the action be placed upon the calendar for trial at the then present term of such court. The matter of leave to answer, and the conditions upon which it should be granted, were in the discretion of the district court. There is nothing before us showing that the discretion was abused.

Order affirmed.