(March 22, 1915.)

## JOSEPH FARNSWORTH, Respondent, v. I. W. PEPPER, Appellant.

[148 Pac. 48.]

SALE OF REAL ESTATE—VENDOR'S LIEN—FINDING OF FACTS—SUFFICIENCY OF EVIDENCE—CONSTRUCTION OF STATUTE.

1. *Held,* that the evidence is sufficient to support the finding of facts.

2. Where one owns real estate, the legal title to which stands in the name of another, and he contracts to sell the same to a third party and arranges with the one who holds the legal title and the purchaser that the former shall convey the title to said real estate directly to the purchaser, the vendor of such real estate has a vendor's lien on such real estate for the purchase price thereof.

3. Under the provisions of sec. 3441, Rev. Codes, one who sells real estate has a vendor's lien thereon independent of possession for so much of the purchase price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer.

APPEAL from the District Court of the Fourth Judicial District for Cassia County.   Hon. Edward A. Walters, Judge.

Action to foreclose a vendor's lien on real estate.   Judgment for the plaintiff.   *Affirmed.*

B. J. Briggs and S. T. Lowe, for Appellant.

In order for the plaintiff to maintain an action to foreclose a vendor's lien he must prove that he sold and conveyed the land on which he claims his lien.   (Sec. 3441, Rev. Codes; *Kelly v. Ruble,* 11 Or. 75, 4 Pac. 593.)

The purchaser of land will not be compelled to take or pay for a doubtful title.   (*Benson v. Shotwell,* 87 Cal. 49, 25 Pac. 249; *Brown v. Widen* (Iowa), 103 N. W. 158.)

The defendant is not holding the premises under or by virtue of the plaintiff, but acquired title to the same while he was not in possession thereof, but after he had been ejected therefrom; therefore, the title procured from Benjamin Farnsworth did not inure to the benefit of the plaintiff, the defendant is not estopped to dispute the title of the plaintiff, and the rule requiring the surrender of possession before the rescission and cancellation of the notes has no application in this cause.   (39 Cyc. 1618; *Oregon Short Line R. Co. v. Quigley,* 10 Ida. 770, 80 Pac. 401.)

Robert S. Meyer, Holden & Holden and K. I. Perky, for Respondent, cite no authorities on points decided.

SULLIVAN, C. J.—This action was brought to enforce an alleged vendor's lien upon certain real estate situated in Cassia county, near Burley, Idaho.   The action was tried by the court without a jury and finding of facts and conclusions of law were made by the trial court and judgment entered in favor of the plaintiff decreeing a vendor's lien upon the premises involved.   The appeal is from the judgment.

Numerous errors are assigned and reversal of the judgment demanded.

The following facts appear from the record:

The plaintiff and defendant on or about August 18, 1910, entered into a written contract for the sale and purchase of a 40-acre tract of land in Cassia county, for the purchase price of $2,650. In said written contract the receipt of one dollar thereof is acknowledged and two promissory notes were executed by the appellant, one for $1,000 and one for $1,650, for the balance of the purchase price. This contract was entered into on or about August 18, 1910. Said land had been entered as a homestead by Benjamin Farnsworth, the brother of respondent. At the time said contract was entered into final proof had not been made at the United States Land Office for said land, but was made on November 4, 1910. At the time said contract was entered into, the respondent did not have the title to said land, but he put the appellant in possession thereof and the appellant had the crop then growing on the land, harvested it, sold it and received the proceeds thereof.

The record shows that there had been some arrangement between respondent and his brother who entered said land, that the respondent should have the 40-acre tract of said land involved in this controversy for certain advances that he had made to his brother, Benjamin Farnsworth, and that the appellant desired to and did purchase the other 40 acres of said homestead entry and entered into a contract with Benjamin Farnsworth for its purchase, and it was then arranged between the appellant, Pepper, and Farnsworth that Benjamin Farnsworth should convey said entire 80 acres to him under such purchases and avoid the necessity of Benjamin Farnsworth's conveying to Joseph Farnsworth one forty of said tract and Joseph Farnsworth's then conveying the same to Pepper, and a written contract was entered into on November 4, 1910, for that purpose.

The consideration named in said written contract of November 4th was $4,000, and thereafter on November 15, 1910, Benjamin Farnsworth and his wife conveyed said 80-acre tract to Pepper for a consideration named in the deed of $7,000. Appellant contends that he bought the entire 80-acre tract of Benjamin Farnsworth and the evidence is conflicting

upon this point.   The court, however, found, and we think the evidence amply sustains the finding, that he purchased only one forty of said 80-acre tract from Benjamin Farnsworth and purchased the other 40 acres from Joseph Farnsworth.

The court finds that said conveyance from Benjamin Farnsworth to Pepper conveying said 80-acre tract, which includes the 40-acre tract sold by Joseph Farnsworth to Pepper, was made in pursuance of an agreement and arrangement between Pepper and Joseph Farnsworth and Benjamin Farnsworth, and the evidence amply supports that finding.

On November 30, 1910, the appellant wrote a letter to an attorney in Idaho Falls, in which he explained to the attorney that he had bought one-half of said homestead from Benjamin Farnsworth and the other half from the respondent. On December 2, 1910, the appellant signed a written acknowledgment and release in which the said contract of August 18, 1910, made between Joseph Farnsworth and the appellant for the purchase of Joseph Farnsworth's 40-acre tract is referred to, in which it is stated as follows:

"Now, therefore, I do hereby acknowledge that the said Jos. Farnsworth has performed all requirements that were called for in said contract, except that the final certificate of B. W. Farnsworth does not properly describe the land to have been deeded, and is not yet of record, and I herewith release him from any liability under said contract, except for above notation."

It is true that appellant claims that said release was obtained through misrepresentation or fraud, but the evidence does not support that contention.   Taking all of the evidence, it clearly establishes the fact or facts that the appellant had purchased 40 acres of said land from respondent and 40 acres of Benjamin Farnsworth.   At the time he purchased the 40 acres from respondent, he executed and delivered to this respondent his two promissory notes, as above stated, and did not demand that they be returned to him at the time he entered into the contract or arrangement for Benjamin Farnsworth to convey said entire 80-acre tract to him, and

made a written acknowledgment some weeks after receiving said deed from Benjamin Farnsworth that Joseph Farnsworth had fully kept his contract with him in regard to the sale of said 40 acres of land, and stated in his letter, above referred to, that he had purchased one forty of said tract from Benjamin Farnsworth and the other from respondent.

The evidence amply sustains the findings of the trial court.

Counsel for appellant contends that under the provisions of sec. 3441, Rev. Codes, in order for plaintiff to maintain this action to foreclose a vendor's lien, he must prove that he sold and conveyed the land on which he claims his lien, and contends that the record shows that the respondent never held the title to said land and did not convey it to the appellant.

Said section is as follows: "One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

That section simply provides that one who sells real property has a vendor's lien. The evidence shows that the respondent was the equitable owner of said land and sold it to the appellant, and it was agreed among them that the legal title should go directly from Benjamin Farnsworth to Pepper. That was sufficient to sustain the vendor's lien under our statute. Joseph Farnsworth owned said 40-acre tract; he had a right to sell it; he did sell it, and the promissory notes involved in this case represented the consideration to be paid for said land by Pepper therefor, and the conveyance of said land by Benjamin Farnsworth to the respondent as effectually conveyed the title of said land to the appellant as if Benjamin Farnsworth had first conveyed it to the respondent and the respondent had then conveyed it to the appellant.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.

ON PETITION FOR REHEARING.

(April 27, 1915.)

BRIEF OF APPELLANT—ASSIGNMENT OF ERRORS—ATTORNEY'S FEE—VENDOR'S LIEN—DEFICIENCY JUDGMENT.

1. Under the provisions of rule 45 of the rules of this court, the brief of appellant must contain a distinct enumeration of the several errors relied upon.

2. Under the provisions of sec. 3441, Rev. Codes, a vendor's lien is only permitted as security for the balance remaining for whatever may be due on the unpaid purchase price of the land, and the attorney's fee allowed for foreclosing such lien and any other indebtedness or liability is not made a lien by the provisions of said section.

3. Where an action is brought to foreclose a vendor's lien, the judgment or decree may provide for a deficiency judgment in case the property charged with the lien does not sell for sufficient to pay the amount of the lien.

SULLIVAN, C. J.—A petition for rehearing has been filed in this case, and the first point made by the petitioner is that an attorney's fee of $400 was allowed for the foreclosure of said vendor's lien, while under the statute a vendor's lien is only permitted as security for the unpaid purchase price and not for any other indebtedness or liability, and 3 Pomeroy's Equity Jurisprudence, sec. 1251, and *Gard v. Gard,* 108 Cal. 19, 40 Pac. 1059, are cited.

This point was not raised in the brief of appellant, and for that reason was not considered by the court in its opinion. Rule 45 of the rules of this court provides, among other things, that the brief of appellant shall contain a distinct enumeration of the several errors relied upon.

As a matter of fact, the trial court did adjudge that the attorney's fee allowed should be a lien upon said premises. While sec. 3441, Rev. Codes, provides for a vendor's lien upon property sold "for so much of the purchase price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer," under the provisions of said statute an

attorney's fee for foreclosing the lien is not made a lien upon the land sold. Therefore, the judgment in this case must be modified to the extent of holding said attorney's fee not a lien upon the land in question.

It is next contended that since the decree provides for a deficiency judgment in case the property does not sell for sufficient to pay the debt, said judgment is absolutely void, because it provides for a deficiency judgment, and in support of that contention *Johnson v. McKinnon*, 54 Fla. 221, 127 Am. St. 135, 14 Ann. Cas. 180, 45 So. 23, 13 L. R. A., N. S., 874, a Florida case, is cited. In that case it is held that a deficiency decree may be entered only in suits for the foreclosure of mortgages, and if rendered in an action to enforce a vendor's lien, is not simply irregular or voidable, but absolutely void and subject to collateral attack. Under our statute we are not inclined to go to the extent held in that case.

Sec. 4520, Rev. Codes, provides, among other things, that sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in the case of sales under execution, "and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt," etc. While this section is found under the title of "Actions for the Foreclosure of Mortgages," it clearly includes other liens as well as mortgage liens, and in three sections of said chapter we find the words "mortgage, lien or encumbrance." We do not think the court erred in providing for a deficiency judgment, since under our statute a multiplicity of suits is not favored, and there is no reason for not granting a deficiency judgment where the property does not sell for sufficient to pay the amount of the lien.

It is next contended that the court failed to consider the seventh assignment of error made in appellant's brief, to wit, the ruling of the trial court in refusing to permit the defendant to call the plaintiff for cross-examination under the statute (Sess. Laws 1909, p. 334). The court in its original decision in this case did not refer to that particular assignment

of error, although the matter was considered and the court concluded that under the facts of the case said ruling of the trial court was not reversible error, since the appellant's own letters written after he had received the title to said land clearly show that he fully understood the matter and consented to receive the title from Benjamin Farnsworth.

The court also considered the point made by the appellant to the effect that the contract of sale referred to was in direct contravention of the rules and regulations of the department of the Interior regulating the transfer of a homestead entry or farm unit under a reclamation project. Although we did not touch upon that point in our former opinion, we fully considered the matter and concluded there was nothing in that point. The appellant received just the title he agreed to take; he now has the title to the land, and simply because there was a verbal understanding between the homestead entryman and the party with whom appellant contracted for the purchase of said land that such purchaser should receive a title to one-half of said homestead entry after the entryman had received title from the government, that cannot be a defense to an action to compel the appellant to pay what he agreed to pay for said land, since he has received a good title thereto under and by virtue of his own arrangement and contract with the homestead entryman.

The cause will be remanded for a modification of the findings and decree in accordance with the views expressed in this opinion, and a rehearing is denied.

Budge and Morgan, JJ., concur.