[No. 14359. Department Two. February 18, 1918.]

Felix Roy et al., Respondents, v. E. H. Vaughan et al., Appellants.[1]

Vendor and Purchaser — Contracts — Default — Remedies of Vendor. Upon default in payment upon an ordinary contract for the sale of land wherein the vendor retains legal title as security for the payment of the purchase price, the vendor may affirm the contract and seek enforcement by either suing at law or foreclosing in equity, as in the case of a mortgage, in which case the judgment may make the amount due a lien upon the property.

Election of Remedies — Amendment of Complaint. Where a vendor's remedy by forfeiture of a contract was unavailable because of the failure to tender a deed before suit brought, his complaint for a forfeiture cannot be set up as an effectual election of remedies to bar an amended complaint affirming the contract and seeking foreclosure and recovery of the purchase price; since a mistake in a remedy is not an election.

Vendor and Purchaser — Modification of Contract — Validity. An oral modification of a contract for the sale of land, fully executed and performed, will be recognized as valid.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered September 30, 1916, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*F. Leo Grinstead* and *O. W. Noble,* for appellants.

*Webb & Atwood* and *Cullen, Lee & Matthews,* for respondents.

Morris, J.—On February 23, 1909, respondents entered into a contract with Henry Dreffield for the sale and purchase of approximately fifteen acres of land, at $225 per acre. Two hundred dollars was paid in cash, the balance to be paid in five installments, one-fourth of the entire amount on May 1, 1909, and the remainder to be divided into four payments, due February

[1]Reported in 170 Pac. 1019.

23, 1910, 1911, 1912, and 1913, with interest upon deferred payments of eight per cent. The first of these installments was paid when due, and Dreffield went into possession of the land. When the second installment was due, respondents and Dreffield agreed that, upon its being paid, making a total of $1,626.56 then paid on the contract, respondents would convey approximately five acres of land to Dreffield. The installment was paid, a deed given and duly recorded. Thereafter Dreffield disposed of his contract to appellant Vaughan, who transferred an undivided one-half interest to Norton. Norton mortgaged his interest to Gleason, who assigned the mortgage to appellant Lindsey, who subsequently foreclosed, so that the contract for the remaining ten acres, at the time of the commencement of this action, was owned by appellants—an undivided one-half in each. In January, 1914, respondents commenced an action, alleging the default of Dreffield in meeting the third and fourth installments due on the contract, seeking a forfeiture of the contract, and praying that their title to the ten acres be quieted. In October, 1914, by leave of court, respondents filed an amended complaint alleging the amount then due under the original contract, demanding judgment against Dreffield in that sum, with interest and costs, and praying that the judgment be declared a lien on the ten acres, and that the same be sold and the proceeds applied on payment of the judgment. The lower court found the amount due respondents under the contract and established a lien upon the land in their favor for that sum, decreeing that, if the judgment be not paid, the land be sold and the proceeds applied to the payment of the amount due respondents.

Vaughan and Lindsey appeal, and argue that respondents are not entitled to a lien as awarded in the decree, because, in this state, the vendor has no lien

for the unpaid purchase price; and, also, that the filing of the complaint was an election of remedies, and respondents, having chosen their remedy then, must abide by it now. It is not necessary for us to now say whether or not there is an existing lien, as such, in favor of the vendor of real estate. The case presents no such question. We have here nothing more than the relation between the vendor and vendee in the ordinary contract of sale and purchase wherein the vendor retains the legal title as security for the payment of the purchase price, covenanting that, when so paid, he will convey the land to the vendee, a relation analogous to that of mortgagor and mortgagee. When default is made in such a contract, the vendor may, as in other cases, either affirm or disaffirm the contract. In the first case, which is the remedy here sought, he seeks enforcement of the contract by either suing at law for the amount due or foreclosing it in equity, as he would a mortgage given to secure the payment of money, there being

"no sensible distinction between the case of a legal title conveyed to secure the payment of a debt, and a legal title retained to secure payment." Jones, Liens (3d ed.), § 1108.

See, also, *Shelton v. Jones,* 4 Wash. 692, 30 Pac. 1061; *St. Paul & Tacoma Lumber Co. v. Bolton,* 5 Wash. 763, 32 Pac. 787; *Baker v. Sinclaire,* 22 Wash. 462, 61 Pac. 170; *Taylor v. Interstate Inv. Co.,* 75 Wash. 490, 135 Pac. 240.

The remaining contention, that respondents are bound by their first complaint as an election of remedies, is equally without merit. The first complaint sought a forfeiture. This, under the record here, could not have been maintained. The obligations of the contract were mutual, concurrent, and dependent. In such cases, we have said many times that neither party could put the other in default or establish a forfeiture

without first tendering full performance on his part. Respondents could only claim a forfeiture of the contract by tendering a deed to the remaining acreage and demanding payment of the purchase price. This they did not do, and hence that remedy was not available to them when they filed their complaint. The fact that they might have believed themselves entitled to a forfeiture is immaterial. Before there can be an election of remedies, there must be two or more inconsistent remedies available to a party, any one of which he is at liberty to pursue. That respondents erroneously believed themselves entitled to the first remedy sought does not prevent them, upon learning that their provable facts were insufficient to maintain that remedy, from seeking another remedy their facts would sustain. A mistake in remedy can never be considered as an election of remedies. *Taylor v. Interstate Investment Co., supra; Babcock, Cornish Co. v. Urquhart*, 53 Wash. 168, 101 Pac. 713; *Zimmerman v. Robinson & Co.*, 128 Iowa 72, 102 N. W. 814.

Complaint is also made against the finding that the contract was modified by respondents and Dreffield. There is no reason in law why, under the facts, such a modification would not be recognized, it having been fully executed and performed, and as to the facts, we see no reason why we should disturb the finding.

The judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.