(May 29, 1920.)

## JOHN WALSH and HELEN WALSH, His Wife, Respondents, v. HARLAN W. COGHLAN, ANNETTA R. COGHLAN and BELLE COGHLAN, Appellants.

[190 Pac. 252.]

VENDOR AND VENDEE—SUIT TO FORECLOSE VENDEE'S INTEREST—ATTORNEY'S FEE.

1. A vendor who retains title to real property as security for the payment of the purchase price which, according to the contract of sale, was to be paid in instalments, whereupon he was to convey the property to the vendee and furnish an abstract showing clear title, is not in position, when all unpaid instalments are due, to demand a forfeiture of the vendee's interest, or to maintain an action for the purchase price, without tendering the deed and abstract.

2. The vendor may, under the circumstances above stated, without tendering the deed and abstract, maintain a suit to foreclose the vendee's interest and for sale of the property, but is not entitled to have an attorney's fee, payable according to the terms of the notes given for the purchase price in case of suit or action to collect the same, included in the sum for which the property is to be sold.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Suit by vendors of real property for foreclosure of vendees' interest therein and for sale thereof. Decree for plaintiffs. *Reversed.*

P. E. Cavaney and John Jackson, for Appellants.

In a contract for the sale of land where the vendor retains title, said vendor cannot bring an action to foreclose a vendor's lien. The vendor's remedy in such a case is upon the

---

1. For authorities covering forfeiture of vendee's rights, see note in 31 Am. Dec. 278.

2. Measure of damages against vendee for failing to perform his contract to purchase, see note in 67 Am. Dec. 275.

Opinion of the Court—Morgan, C. J.

contract, either to enforce specific performance or in an action at law. (*Brush v. Kingsley,* 14 Ohio, 20; *McKinnon v. Johnson,* 54 Fla. 538, 45 So. 451; *Avery v. Clark,* 87 Cal. 629, 22 Am. St. 272, 25 Pac. 919; *Kent v. Williams,* 114 Cal. 537, 46 Pac. 462; *Longmaid v. Coulter,* 123 Cal. 208, 55 Pac. 791; *Moses v. Johnson,* 88 Ala. 517, 16 Am. St. 58, 7 So. 146; *Roby v. Bismark Nat. Bank,* 4 N. D. 156, 50 Am. St. 633, 59 N. W. 719; Pomeroy, Eq. Jur., 3d ed., sec. 1260; Jones on Liens, 3d ed., sec. 1107; 29 Am. & Eng. Ency. Law, 733.)

If no tender was made, the amended complaint should have alleged a willingness on the part of the vendors to execute the deed to said property, and the deed should have been brought into court upon the trial. (*Goodwine v. Morey,* 111 Ind. 68, 12 N. E. 82; *Melton v. Coffelt,* 59 Ind. 310; *Boone v. Templeman,* 158 Cal. 290, 139 Am. St. 126, 110 Pac. 947.)

The vendor must allege and prove that he has fully performed the covenants of his contract, or tendered performance. (*Burnham v. Roberts,* 70 Ill. 19; *Harker v. Cochrane,* 36 Iowa, 390; *Sanford v. Cloud,* 17 Fla. 532; *Johnson v. Wygant,* 11 Wend. (N. Y.) 48.)

J. F. Colvin and J. C. Johnston, for Respondents.

"Where the vendor of land takes notes for the purchase money and executes a bond for title, on default of the vendee, the vendor may sue at law for the debt, or obtain possession by ejectment, or foreclose the equity and sell the land for the debt." (*Smith v. Robinson,* 13 Ark. 533; 48 Cent. Dig. 1081.)

"A court of equity will declare a forfeiture against the vendee where there has been a stipulation for a forfeiture in the contract or where time is made the essence of the contract." (*Castleberry v. Hay,* 8 Ida. 670, 70 Pac. 1055; *Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294.)

MORGAN, C. J.—Appellants, Harlan W. and Annetta R. Coghlan, and respondents, on July 16, 1909, executed a writ-

ten contract whereby the latter agreed to sell to the former a lot in Boise City for $2,000, $300 of which was paid and the balance was to be paid in quarterly instalments, evidenced by twenty-two promissory notes for $75 each and one for $50, bearing interest at the rate of 8% per annum. One of the conditions of the contract was that if the purchasers should make all payments according to its terms, respondents would execute and deliver to them a warranty deed conveying the lot and furnish them an abstract showing the title to be clear, except as to a sewer bond assessed against it. The purchasers agreed to pay all taxes or assessments which were or might become due on the premises after January 1, 1910, and the contract contained the following provision:

"In the event of a failure to comply with the terms hereof by the said parties of the second part (the purchasers), the said parties of the first part (respondents) shall be released from all obligations in law or in equity to convey said property, and the said parties of the second part shall forfeit all rights thereto, and all payments made on said property, which shall be retained by the parties of the first part as damages for the detention of said property and occupancy of the same by the said parties of the second part, and after the failure of the said parties of the second part to comply with the terms of this agreement for a period of thirty days, then the parties of the second part shall become the renters of the parties of the first part and shall be subject to dispossession under the laws relating to landlord and tenant under the statute of the State of Idaho."

Appellants went into possession of the premises and made part of the payments, but defaulted in others. This action was commenced to foreclose their interest and to sell the property, and resulted in a decree for plaintiffs from which this appeal is prosecuted.

After finding that the contract in question was entered into as above stated, the trial judge found "that the said contract of purchase provided for forfeiture of the rights of the defendants in the contract of purchase if they failed

to keep the covenants and agreements in the said contract contained and in said case of failure to keep the covenants and agreements provided for in the contract the plaintiffs should be released from all obligations in law or equity to convey the said property to the defendants. . . . .

"That the said defendants have failed and refused to keep and perform the covenants and agreements in the said contract contained which were by them to be done and performed. . . . .

"That under the law and facts as proven in the case before the court the defendants have forfeited all right, title and interest in and to the property set forth and described in the complaint and contract of purchase, and all interest, claim or demand in or to the property set forth and described in the plaintiffs' complaint."

The court found the amount due from appellants to respondents in principal, interest and attorney's fees provided for in the notes, together with costs, and an amount paid by the latter in satisfaction of taxes and assessments levied against the property for the years 1913, 1914 and 1915, and entered a decree that the premises be sold by the sheriff, after public notice according to law relative to the sale of real estate under execution, and that he, after the expiration of the time allowed for redemption, execute a deed to the purchaser; that out of the proceeds of the sale he pay respondents the principal and interest due on the purchase price of the lot, also the sums found to have been paid by them as taxes and assessments thereon, together with the attorney's fee mentioned in the findings. It was further decreed that appellants be barred and foreclosed of and from all claim to or interest in the premises after the expiration of the period of redemption, as provided by law, reference being had to the time allowed for redemption of real property from execution or mortgage foreclosure sale.

The record discloses that all the unpaid instalments of purchase price were due at the time the action was commenced. Therefore, in order to be in position to demand a forfeiture of appellants' interest, or to waive it and recover judgment

for the purchase price, it was necessary for respondents to allege and prove they tendered a deed conveying the property to the purchasers, together with an abstract showing title as mentioned in the contract. (*Boone v. Templeman,* 158 Cal. 290, 139 Am. St. 126, 110 Pac. 947; 39 Cyc. 1907; *Roy v. Vaughan,* 100 Wash. 345, 170 Pac. 1019.) There is neither allegation nor proof that such a tender was made, and the findings of fact above quoted, if such they may be called, are without support in the record.

While it was not necessary that respondents resort to foreclosure and sale in order to terminate appellants' interest in the property, that remedy was available (*Security Savings & Trust Co. v. Mackenzie,* 33 Or. 209, 52 Pac. 1046; *Longmaid v. Coulter,* 123 Cal. 208, 55 Pac. 791; *Kent v. Williams,* 114 Cal. 537, 46 Pac. 462; *Taylor v. Interstate Inv. Co.,* 75 Wash. 490, 135 Pac. 240; *Baldwin v. McDonald,* 24 Wyo. 108, 156 Pac. 27; *Denton v. Scully,* 26 Minn. 325, 4 N. W. 41), and they could and did choose it. The findings are inconsistent with the relief sought and do not support the decree.

The inclusion of an attorney's fee in the amount to be raised by sale of the property was erroneous. According to the terms of the notes an attorney's fee was to be paid by the makers in case of suit or action to collect the amount therein mentioned, or a portion of it. As above stated, respondents have not put themselves in position to sue on the notes, or for a personal judgment for the purchase price. Recovery in this case is limited to the foreclosure of appellants' interest in and sale of the property, and a money judgment cannot be had.

It is appellants' right that, after the costs and expenses of sale and the amounts due according to the terms of the contract are paid, any balance remaining from the proceeds of the sheriff's sale be paid to them. The sum for which the sale is made fixes the amount to be paid by them should they redeem the property. Their substantial rights were invaded by including the attorney's fee in the sum for which the property was ordered to be sold and the decree must be reversed.

Appellant, Belle Coghlan, answered separately and disclaimed any interest in the property. The evidence fails to show any liability on her part and she is entitled to a judgment for her costs. The other appellants admitted the execution of the contract and alleged a subsequent oral modification of it whereby respondents agreed, in the event of failure of the purchasers to pay for the lot, to reimburse them for the costs of certain improvements they had made thereon. This claim was not sustained by the evidence and was properly disallowed.

The judgment appealed from is reversed, with instructions to the trial court to make findings and conclusions and to enter a decree in conformity to the views herein expressed. Costs are awarded to appellants.

Rice, J., concurs.

BUDGE, J.—Some time ago the duty of writing the opinion in this case was assigned to me and I prepared the opinion that hereafter follows. Being unable to secure indorsement of my views as herein expressed, by either of the other members of this court, it becomes necessary for me to file the within opinion as my individual views and conclusions in disposing of this case.

On July 16, 1909, respondents executed a written contract with appellants Harlan W. and Annetta R. Coghlan for the sale of certain real property in Boise for $2,000, payable $300 in cash and the balance of $1,700 at the rate of $75 on or before the 16th of October, January, April and July of each year thereafter, according to the terms of twenty-two promissory notes of even date for $75 each, and one note for $50, all bearing 8% interest. Upon the completion of the payments, respondents were to execute and deliver a warranty deed and abstract showing clear title to said property to appellants, who also agreed to pay all city, state, special, and county taxes or assessments after January 1, 1910. Upon failure of appellants to comply with the terms of the contract respondents were to be released from all ob-

ligations in law or in equity to convey said property and appellants should forfeit all rights thereto and all payments made which were to be retained as damages for the retention and occupancy of the property. If appellants should fail to comply with the terms of the agreement for a period of thirty days, then they were to become renters of respondents and to be subject to dispossession under the laws relating to landlord and tenant.

Respondents commenced this action, setting up in their complaint the foregoing facts, alleging full performance on their part, failure to meet the payments on the part of appellants, the amounts due on principal and interest, the payment of certain sums as taxes and assessments, the failure and refusal of appellants to keep and perform the covenants and agreements of the contract, the incurrence of an attorney fee, and alleging that appellant May Belle Coghlan claimed some interest in the property, and prayed judgment for the amounts alleged to be due, for foreclosure and sale, for deficiency judgment if the proceeds of the sale should prove inadequate to satisfy the judgment, that either party be permitted to become purchaser, and for general relief.

The separate answer of Belle Coghlan specifically denied the allegations of the complaint and disclaimed any interest whatever in the property. The answer of the other appellants admitted the execution of the contract upon the terms alleged, and put in issue all of the other allegations of the complaint and as an affirmative defense set forth an alleged subsequent oral modification of the contract whereby respondents agreed to refund the price of certain alleged betterments and improvements placed upon the property by appellants, or to credit the same upon the purchase price of the property.

Upon the issues thus made the action was tried by the court. Findings of fact and conclusions of law were filed and a judgment entered decreeing foreclosure and sale of the premises as upon execution, permitting either party to become a purchaser at the sale foreclosing appellants of all right, title or interest in or to the property after the ex-

piration of the period of redemption and directing that the proceeds of the sale be applied to the payment of the amounts found due, including therein the sum allowed as attorney fees. This appeal is from the judgment.

While the appellants' brief contains many assignments of error, they are not separately discussed but have been grouped as bearing upon certain main points contended for. In disposing of the case I shall pursue the same course.

As to the contention that the contract was modified, the court found generally that the allegations of the answer were not true. Not only is the finding supported by the evidence, but appellants failed to introduce any substantial evidence in support of this allegation.

The controlling question in the case arises from appellants' contention that respondents have proceeded upon the wrong theory, for the reason that the evidence shows that the only actions that should have been brought were an action in equity for specific performance, or at law for the balance of the purchase price as provided in the contract, or for possession of the land by summary proceedings. But the law is well settled that an action to foreclose is a proper remedy, and the existence of other remedies does not deprive the vendor of his right to foreclose. (3 Pomeroy's Equity Jurisprudence, 4th ed., secs. 1260–1262; 5 Idem, secs. 2285, 2286; 2 Sugden on Vendors, 8th Am. ed., c. 19; 2 Warvell on Vendors, 2d ed., secs. 712–714; 39 Cyc. 1874; *Longmaid v. Coulter,* 123 Cal. 208, 55 Pac. 791; *Denton v. Scully,* 26 Minn. 325, 4 N. W. 41; *Ferguson v. Blood,* 152 Fed. 98, 82 C. C. A. 482; *Roy v. Vaughan,* 100 Wash. 345, 170 Pac. 1019.)

In connection with this argument appellants strongly urge that a foreclosure proceeding is not proper, for the reason that the vendor having retained the legal title, does not have a vendor's lien. An examination of the authorities, however, discloses the fact that while they are not agreed upon the question whether the vendor under such circumstances has a vendor's lien, the dispute is largely as to what is an appropriate legal name to give to the vendor's interest. To my

mind it is not important to determine whether this interest shall be denominated a vendor's lien, or an interest analogous to that of an equitable mortgagee, or a lien on the vendee's equitable estate.    Whatever the interest of the vendor, who has retained a legal title under a contract to sell, may be called, the authorities are practically unanimous in holding that a foreclosure proceeding is a proper method of enforcing the vendor's right after the vendee has defaulted in his payments according to the terms of the contract.

Appellants complain of the fact that respondents did not tender a deed to the premises.    The omission to plead or prove a tender of the deed and abstract, which were to be delivered, upon the completion of the payments specified in the contract, deprived respondents of the right to claim a forfeiture thereof and of the right to a money judgment (*Boone v. Templeman,* 158 Cal. 290, 139 Am. St. 126, 110 Pac. 947; *Roy v. Vaughan, supra*), but did not deprive them of the right to foreclose.    (*Roy v. Vaughan, supra.*) Respondents did not seek to enforce a forfeiture, and the finding of the trial court that a forfeiture of appellants' rights resulted from their failure to comply with the terms of their contract was outside of the issues.    But since the judgment does not decree a forfeiture, the finding may be disregarded as surplusage.    No personal judgment was entered.    Under the circumstances, the court could, and did, go no further than to find the amount due and decree the foreclosure and sale and the application of the proceeds to the payment thereof.    The balance, if any, should have been directed paid to the vendee.

The error which is predicated upon the action of the court in permitting the respondents to reopen in order to introduce    proof as to attorney fees is not only without merit, for the reason that such action was within the sound discretion of the court and there is nothing from which an abuse of discretion can be inferred, but the record clearly leaves the inference that the objection to reopening was waived except as to evidence bearing upon matters already

presented. As no such evidence was offered, there is no point left upon which error could be predicated.

The allowance of attorney fees is assigned as error. The point is well taken. Respondents are not suing on the notes, but are foreclosing appellants' rights under the contract, which contains no provision for attorney fees. (*Farnsworth v. Pepper,* 27 Ida. 154, 159, 148 Pac. 48.)

As to the appellant Belle Coghlan, respondent's evidence fails to show that she had or claimed any interest whatever in the property. The record shows that she had no interest therein. She should have been dismissed with her costs. Upon modification of the judgment as herein indicated it should be affirmed.