(No. 5404.   June 5, 1930.)

FARM CREDIT CORPORATION, a Corporation, Respondent, v. RIGBY NATIONAL BANK, a Corporation, L. C. PARKER, W. H. McDANIEL, CHARLES W. KELCH, and GIBSON & CO., a Corporation, Appellants.

[290 Pac. 211.]

F. A. McCall and E. M. Holden, for Appellants.

Alvin Denman, for Respondent.

McNAUGHTON, J.—This is an action in conversion to recover $1181.41, for clover and alfalfa seed alleged to have been wrongfully converted by Rigby National Bank. This is the alleged value of one-half of the seed grown by Charles W. Kelch in 1925 upon certain rented land.

In proving title plaintiff offered in evidence the unrecorded assignment of an unrecorded instrument entitled "Idaho Farm Lease," by the terms of which the rental was to be one-half the crop.

The bank's claim of title is based upon a purchase at execution sale of the entire crop of seed raised by Kelch in foreclosure of farm labor liens.

The field laborers instituted their action against the interest of Kelch, the tenant. W. H. McDaniel, the thresher,

intervened, claiming lien against the whole crop for thresh-
ing bill in the sum of $760, based upon the claim that he
was employed by Kelch, the owner of half the seed, and
Sheppard & Company, owner of the other half.

Kelch, as owner of half the seed, Sheppard & Company,
in the complaint alleged to be owner of the other half, the
Rigby National Bank, as mortgagee, and Gibson & Co., as
warehousemen in possession of the seed, were made parties
to the foreclosure action and served with process. Judg-
ment was for the foreclosure of these liens upon the whole
crop. The whole crop was sold in satisfaction of the judg-
ment. Appellant Rigby National Bank purchased the entire
crop on the execution sale in satisfaction of the judgment.

The Farm Credit Corporation was not made a party to
that proceeding. Its claim as assignee of the lease was not
known at the time of the foreclosure action. After the
foreclosure, but before the sheriff's sale, it appears H. B.
Sheppard, meaning to speak for the credit corporation,
notified an officer of the bank that it had a claim on this
seed; that it claimed a chattel mortgage on the tenant's
part and claimed to own the landlord's part.

Sheppard & Company had a crop mortgage but it was
made party to the foreclosure action and that mortgage was
found to be inferior to the lien claims.

At the trial of this case the district court, basing its
action on the force of this Idaho Farm lease, directed a ver-
dict and entered judgment for the plaintiff. The Rigby
National Bank appeals and specifies error in eighteen
assignments. It claims the proof was not sufficient to sus-
tain the judgment in particulars specified.

From the evidence introduced we think the plaintiff re-
lied mainly upon the lease feature of the instrument en-
titled "Idaho Farm Lease."

Granting that this is a crop rental lease within the pro-
visions of C. S., sec. 7372, that section provides:

"Any person who does any labor on a farm or land in
tilling the same, or in cultivating, harvesting, threshing, or
housing any crop or crops raised thereon, has a lien on such

crop or crops for such labor. Such lien shall be a preferred and prior lien thereon to any crop or chattel mortgage placed thereon, and any mortgagee taking a chattel or crop mortgage on any crop or crops, upon which any person shall perform labor in cultivating, harvesting, threshing or housing said crop, shall take such mortgage subject to, and such mortgage shall be a subsequent lien to, the lien of the person or persons performing such labor as to a reasonable compensation for such labor: *Provided,* That the interest in any crop of any lessor or lessors of land where the premises are leased in consideration of a share in the crop raised thereon is not subject to such lien.''

The lien claims foreclosed were in part claims of field workers hired by Kelch, and were foreclosed against Kelch's part of the crop, and the claim by the thresher against the entire crop was pursuant to a claim of hiring by both Kelch, the tenant, and Sheppard & Company, alleged in the complaint to own the other half.

In the foreclosure proceeding the lien claimants based their claim of lien on the force of the last clause of C. S., sec. 7372. We feel sure that section inures to the benefit of the landlord or owner of the landlord's share of the crop in protecting him against labor bills contracted by the tenant. However, we think this exemption may be waived by the owner of the rent share, and where such landlord or owner agrees to pay lienable labor before the labor is performed, he may be estopped to claim his portion if the crop is exempt from such lien claims. The trial court in the foreclosure so held. It now seems the court was in error in the foreclosure case in finding Mc-Daniels was hired by the owner of the landlord's share. But there was no appeal from that judgment. It decreed a lien against the whole crop and directed that the entire crop be sold in satisfaction of the lien. There being no appeal from the judgment, it was final and binding, and execution sale in satisfaction of the judgment passed good title to all the seed, notwithstanding the landlord's half

had been assigned by this unrecorded assignment to appellant.

Failure to make the holder of this unrecorded assignment and conveyance of the lease a party does not render the judgment invalid as to it. The last paragraph of C. S., sec. 6949, provides:

"No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the commencement of the action, need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

In *Farnsworth v. Pepper*, 27 Ida. 159, 148 Pac. 48, 51 (on petition for rehearing), this court held this section covers liens as well as mortgages, and in this behalf said: "While this section is found under the title of 'Actions for the Foreclosure of Mortgages,' it clearly includes other liens as well as mortgage liens, and in three sections of said chapter we find the words 'mortgage, lien or encumbrance.'"

In conformity with that opinion, the title of art. 1, chap. 258, was changed in the Compiled Laws to read "Actions for the Foreclosure of Mortgages and other Liens." We think this ruling was proper. It has become the settled law of this state and is decisive of this case.

We note the Sheppard Investment Company, who was the grantor of respondent, was not made a party, and that it now appears Sheppard & Company, who it was alleged (and the trial court found) owned the other half and hired the thresher, did not in truth own any interest in the seed. However, in this independent action for conversion we are not reviewing the proceedings upon which the judgment in the foreclosure case is based. We are concerned here with the sole question, so far as that judgment is concerned, with jurisdiction to foreclose the

lien. Sheppard Investment Company, who was the land owner and owner of half the seed up to the time of its assignment of the lease, had no possible interest after the assignment and at the time of instituting the foreclosure proceedings. It was not, therefore, a necessary party to the action.

True, the real party in interest was appellant, the assignee in the unrecorded assignment. It was the owner of half of the crop. The appellant in this case, being the owner, should have been made a party. The theory of C. S., sec. 6949, is that had the assignment been filed in the recorder's office the assignee would have been made a party. However, the force of that section is that in actions for the foreclosure of a lien against specific property, the owner holding title to the subject of the lien sought to be foreclosed by unrecorded assignment or transfer need not be made a party in order to enforce the lien. It is true he has never had his day in court, but he is deprived of his day in court by his own act. The theory of the law is that such a one of his own volition has stood through the litigation in the dark upon an unrecorded assignment; that the court has jurisdiction of the *res* the same as if he had been made a party and served. We think the action and judgment subjecting the *res* to the lien is, in the words of the statute, *"as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."*

If respondent had been made a party to the foreclosure no one would contend it could attack the judgment collaterally in this proceeding. We think under the statute cited respondent must be treated exactly as if it had been made a party.

It follows that the Farm Credit Corporation, having failed to record its assignment of this lease, was as effectively foreclosed as if made a party, and has no claim superior to the lien foreclosure judgment or the sale in execution.

We do not think it necessary to consider other assignments of error, except we may observe that when a directed verdict is had findings of fact and conclusions of law are not necessary, but the more logical and orderly proceeding is to file the verdict returned pursuant to the court's direction, and base the judgment upon it.

The judgment must be reversed, and it is so ordered, with direction to dismiss the action. Costs to appellant.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.

Petition for rehearing denied.